IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § | |
| GUARDIAN PROTECTION SERVICES, INC. | § § | 2:15-cv-01431-JRG-RSP **(lead case)** |
| ADS SECURITY, LP | § | 2:15-cv-01463-JRG-RSP |
| ALARM SECURITY GROUP, LLC | § | 2:15-cv-01464-JRG-RSP |
| CENTRAL SECURITY GROUP NATIONWIDE, INC. | § | 2:15-cv-01462-JRG-RSP |
| GUARDIAN ALARM COMPANY | § | 2:15-cv-01496-JRG-RSP |
| GUARDIAN OF GEORGIA, INC. D/B/A ACKERMAN SECURITY SYSTEMS | § § | 2:15-cv-01429-JRG-RSP |
| ICON SECURITY SYSTEMS, INC. | § | 2:15-cv-01468-JRG-RSP |
| MONITRONICS INTERNATIONAL, INC. | § | 2:15-cv-01466-JRG-RSP |
| SLOMIN'S, INC. | § | 2:15-cv-01469-JRG-RSP |
| *Defendants*. | | |

**ADS SECURITY, L.P.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO DEFENDANT'S COMPLAINT**

Defendant ADS Security, L.P. ("ADS") hereby submits its Answer, Affirmative Defenses, and Counterclaims to the Complaint filed by Plaintiff Rothschild Connected Devices Innovations, LLC's ("Rothschild"). Except as expressly admitted herein, ADS denies all allegations in the Complaint.

**PARTIES AND JURISDICTION**

1.   ADS admits that Rothschild's Complaint purports to set forth a cause of action for patent infringement under Title 35 of the United States Code. ADS further admits that Rothschild is seeking injunctive relief and damages. ADS denies any patent infringement. ADS denies that Rothschild is entitled to injunctive relief or any damages.

4830-6732-4457.2

1

2. ADS admits that jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a) inasmuch as Rothschild purports to state claims alleging patent infringement.

3. ADS lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 3 of the Complaint, and therefore denies them.

4. ADS admits the allegations contained in Paragraph 4 of the Complaint.

5. ADS denies the allegations contained in Paragraph 5 of the Complaint.

6. ADS denies the allegations contained in Paragraph 6 of the Complaint.

## PARTIES AND JURISDICTION

7. ADS denies that venue is proper in this Court.  ADS does not reside in this District.  ADS has not committed any acts of infringement in this District.  ADS further denies that this judicial district is the most convenient, as ADS does not have a physical office within the State of Texas.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,788,090)

8. ADS incorporates by references its answers contained above in Paragraphs 1 to 7.

9. ADS admits that patent infringement may be asserted under 35 U.S.C. § 271. ADS denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. ADS admits that an assignment to Rothschild for the '090 Patent has been recorded with the U.S. Patent and Trademark Office.  ADS lacks sufficient knowledge to admit or deny whether Rothschild has sole rights to the '090 Patent.  ADS denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. ADS admits the allegations contained in Paragraph 11 of the Complaint.

12. ADS denies that the '090 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code as alleged in Paragraph 12 of the Complaint.

13. ADS denies the allegations contained in Paragraph 13 of the Complaint.

14. ADS admits that it sells, offers to sell, and/or uses home automation and security systems, including the ADS Home Automation System, ADS Aniware®, and related connectable components, and that such systems can permit a user to remotely operate components in a house. ADS denies the remaining allegations contained in Paragraph 13.

15. ADS is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 15 of the Complaint.  The extent infringement is one of the "actions complained of" in the Complaint, ADS denies that it has, at any time, infringed any claim of the '090 Patent.

16. ADS denies the allegations contained in Paragraph 16 of the Complaint.

17. ADS is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 17 of the Complaint.

**PRAYER FOR RELIEF**

Paragraphs (a-e) of the Prayer for Relief to the Complaint contain legal conclusions to which no response is required.  To the extent a response is deemed necessary, ADS denies that Rothschild is entitled to any of the relief sought in Paragraphs (a-e).

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted against ADS.

2. ADS has not infringed, directly, contributorily, or by inducement, any claim of the '090 Patent, either literally or under the doctrine of equivalents..

3. One or more claims of the '090 Patent are invalid and/or unenforceable for failing to satisfy one or more conditions required for patentability, including those set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

4. On information and belief, Rothschild is estopped under the doctrine of Prosecution History Estoppel from construing any claim of the '090 Patent to cover any of ADS' products and processes that are alleged to infringe the '090 Patent in the Complaint.

5. Rothschild's claim for damages is limited under 35 U.S.C. §§ 286 and 287.

6. Rothschild is not entitled to injunctive relief because any alleged injury to Rothschild is not immediate or irreparable, and Rothschild has an adequate remedy at law.

7. On information and belief, Rothschild's claims are barred, in whole or in part, as a result of express or implied licenses to the '090 Patent and/or other exhaustion remedies.

8. On information and belief, Rothschild's claims are barred, in whole or in part, by the equitable doctrines of laches, unclean hands, estoppel, and/or waiver.

## COUNTERCLAIMS

Defendant and Counter-Plaintiff ADS Security, L.P. ("ADS") asserts the following counterclaims against Plaintiff and Counter-Defendant Rothschild Connected Devices Innovations, LLC's ("Rothschild") and states as follows:

1. This is an action under the Declaratory Judgment Act and the patent laws of the United States to declare that ADS is and was free to make, have made, use, sell, and offer to sell the products that are alleged to infringe in the Complaint because U.S. Patent No. 8,788,090 ("the '090 Patent") was and continues to be invalid, unenforceable, and/or not infringed by ADS.

2. ADS is a limited partnership organized and existing under the laws of the State of Pennsylvania and has its principal office in Nashville, Tennessee.


3. On information and belief, Rothschild is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4. Rothschild purports to be the assignee of the '090 Patent and to have right to sue and recover for infringement of the '090 Patent. An assignment to Rothschild for the '090 Patent, which was executed on January 25, 2015, has been recorded with the U.S. Patent and Trademark Office.

5. So long as this Court has subject matter jurisdiction over the claims asserted in the Complaint, this Court has subject matter jurisdiction over ADS' counterclaims under 28 U.S.C. §§ 1331, 1338(a), and 2201 because these are compulsory counterclaims under Rule 13(a) of the Federal Rules of Civil Procedure.

6. Rothschild has submitted to personal jurisdiction in this Court at least because Rothschild filed its Complaint in this Court.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 at least because Rothschild filed its Complaint for in this District.

## COUNTERCLAIM I
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '090 PATENT)

8. ADS incorporates by reference the allegations contained above in Paragraphs 1 through 7 of these Counterclaims.

9. An immediate, real, and justiciable controversy exists between the parties regarding non-infringement of the '090 Patent because Rothschild alleged in its Complaint that ADS has and continues to infringe the '090 Patent.

10. ADS has not, at any time, infringed, directly, contributorily, and/or by inducement, any valid claim of the '090 Patent, either literally or under the doctrine of equivalents.

11. ADS is entitled to a declaratory judgment that it has not and is not infringing any valid claim of the '090 Patent.

## COUNTERCLAIM II
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '090 PATENT)

12. ADS incorporates by reference the allegations contained above in Paragraphs 1 through 11 of these Counterclaims.

13. An immediate, real, and justiciable controversy exists between the parties regarding the invalidity of the claims of '090 Patent because Rothschild alleged in its Complaint that ADS has and continues to infringe the '090 Patent and that the '090 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

14. One or more claims of the '090 Patent are invalid, and therefore unenforceable, for failing to comply with the requirements for patentability set forth in Title 35 of the United States Code, including, without limitation, requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

15. ADS is entitled to a declaratory judgment that the claims of the '090 Patent are invalid and/or unenforceable.

## COUNTERCLAIM III
## (EXCEPTIONAL CASE)

16. ADS incorporates by reference the allegations contained above in Paragraphs 1 through 15 of these Counterclaims.

17. On information and belief, prior to filing its Complaint and/or prior to the filing of this Answer, Rothschild knew that the patent claims of the '090 Patent are invalid and/or were not infringed by ADS. Accordingly, Rothschild's filing of the Complaint and its continued pursuit of the claims asserted in the Complaint makes this case exceptional within the meaning of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, ADS prays for entry of judgment as follows:

1.	Entry of judgment in favor of ADS and against Rothschild on all claims in Rothschild's Complaint.

2.	That the Court declare that ADS does not and has not infringed, either literally or under the doctrine of equivalents, any claim of the '090 Patent;

3.	That the Court declare that ADS does not and has not actively induced or contributed to the infringement of, either literally or under the doctrine of equivalents, any claim of the '090 Patent;

4.	That the Court declare that the claims of the '090 Patent are invalid and unenforceable;

5.	That the Court declare that this is an exceptional case under 35 U.S.C. § 285 and award ADS its attorneys' fees and costs incurred in the instant action; and

6.	An order granting other relief that the Court may deem just and proper.

## JURY DEMAND

ADS hereby respectfully requests a trial by jury on all issues and claims so triable in the instant action.

Respectfully submitted,

_/s/Nathan J. Bailey_____
Nathan J. Bailey, Lead Counsel,
TN BPR # 026183
WALLER LANSDEN DORTCH & DAVIS, LLP.
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN  37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Nate.Bailey@wallerlaw.com

*Attorneys for ADS Security, L.P.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 19, 2015 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF filing system per Local Rule CV-5(a)(3).

    /s/Nathan J. Bailey
Nathan J. Bailey

4830-6732-4457.2