# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, | § § § § | |
| *Plaintiff,* | § § | |
| v . | § | |
| GUARDIAN PROTECTION SERVICES, INC. | § § | 2:15-cv-01431-JRG-RSP **(lead case)** |
| ADS SECURITY, LP | § | 2:15-cv-01463-JRG-RSP |
| ALARM SECURITY GROUP, LLC | § | 2:15-cv-01464-JRG-RSP |
| CENTRAL SECURITY GROUP NATIONWIDE, INC. | § | 2:15-cv-01462-JRG-RSP |
| GUARDIAN ALARM COMPANY | § | 2:15-cv-01496-JRG-RSP |
| GUARDIAN OF GEORGIA, INC. D/B/A ACKERMAN SECURITY SYSTEMS | § § | 2:15-cv-01429-JRG-RSP |
| ICON SECURITY SYSTEMS, INC. | § | 2:15-cv-01468-JRG-RSP |
| MONITRONICS INTERNATIONAL, INC. | § | 2:15-cv-01466-JRG-RSP |
| SLOMIN'S, INC. | § | 2:15-cv-01469-JRG-RSP |
| *Defendants.* | | |

## ADS SECURITY, L.P.'S MOTION FOR JUDGMENT ON THE PLEADINGS OF INVALIDITY UNDER 35 U.S.C. § 101 AND BRIEF IN SUPPORT OF SAME

## Table of Contents

I.    Introduction ...................................................................................................... 1

II.   Background ....................................................................................................... 1

    A.    The '090 Patent ......................................................................................... 1

    B.    Alleged Infringement ................................................................................ 2

III.  Law and Argument ........................................................................................... 3

    A.    Claim 1 of the '090 Patent is Directed to an Abstract Idea ...................... 4

    B.    Claim 1 of the '090 Patent Adds Nothing Inventive to the Abstract Idea it Embodies ... 6

    C.    Patent Eligibility Under Section 101 is a Threshold Test ......................... 8

IV.   Conclusion ........................................................................................................ 8

# Table of Authorities

**CASES**

*Accenture Global Servs., GmbH v. Guidewire Software, Inc.*,
  728 F.3d 1336 (Fed. Cir. 2013) ...................................................................................... 7

*Alice Corp. Pty. v. CLS Bank Int'l*,
  134 S. Ct. 2347 (2014) ...................................................................................... *passim*

*Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*,
  687 F.3d 1266 (Fed. Cir. 2012) ...................................................................................... 7

*Bilski v. Kappos*,
  561 U.S. 593 (2010) ...................................................................................... 3, 4, 8

*buySAFE, Inc. v. Google, Inc.*,
  765 F.3d 1350 (Fed. Cir. 2014) ...................................................................................... 7, 8

*Funk Brothers Seed Co. v. Kalo Inoculant Co.*,
  333 U.S. 127 (1948) ...................................................................................... 3

*Gottschalk v. Benson*,
  409 U.S. 63 (1972) ...................................................................................... 3

*In re Comiskey*,
  554 F. 3d 967 (Fed. Cir. 2009) ...................................................................................... 8

*Intellectual Ventures I LLC v. Capital One Bank (USA)*,
  792 F.3d 1363 (Fed. Cir. 2015) ...................................................................................... 7, 8

**STATUTES**

35 U.S.C. § 101 ...................................................................................... *passim*

## I.    Introduction

Plaintiff has asserted the '090 Patent against product configuration of everything from microwave ovens to cameras to baby monitors.  Plaintiff's assertion of the '090 Patent against the Internet of Things[1] raises the very pre-emption concerns that drive abstract ideas from patentability.  Claim 1 of the '090 Patent – directed to the abstract idea of product configuration – embodies neither a new idea nor one that should be monopolized.  Because Claim 1 of the '090 Patent is directed toward the abstract idea of product configuration and lacks any inventive concept, it fails to meet the threshold patent eligibility requirements under Section 101 of the Patent Act.  As such, judgment on the pleadings is proper.

## II.    Background

### A.  The '090 Patent and the Instant Suit

The '090 Patent is directed to a system and method that "enable[s] a user to customize products containing solids and fluids by allowing a server on the global computer network, e.g., the Internet, to instruct the hardware mixing the solids and fluids of the user's preferences for the final mix."[2]

The Abstract[3] of the '090 Patent summarizes the invention as follows:

A system and method for creating a personalized consumer product are provided. The system and method of the present disclosure enables a user, e.g., a consumer, to customize products containing solids and/or fluids by allowing a server communicating over the global computer network, e.g., the Internet, to provide product preferences of a user to a product or a mixing device, e.g., a product or beverage dispenser. The method for creating a product according to a user's preferences over a network includes the steps identifying a product to a server over the network; identifying a user to the server over the network; retrieving the user's product preferences from a database at the server based on the product's identity and user's identity; transmitting the user's product preferences to the

---

[1] *See* Exhibit 2, article entitled "Stupid Patent of the Month: A Drink Mixer Attacks the Internet of Things."
[2] *See* Exhibit 3, U.S. Patent No. 8,788,090, Col. 1, ll. 55-62
[3] *See* Exhibit 3, U.S. Patent No. 8,788,090, Abstract

product over the network; and mixing at least one element contained within the product based on the user's product preferences.

Plaintiff Rothschild Connected Devices Innovations, LLC's ("Rothschild") filed the instant suit alleging infringement of Claim 1 of the '090 Patent.[4]  Claim 1, which was granted after a series of continuation applications[5] broadening the claimed invention, reads as follows:

1. A system for customizing a product according to a user's preferences comprising: a remote server including a database configured to store a product preference of a predetermined product for at least one user; and

a first communication module within the product and in communication with the remote server;

wherein the remote server is configured to receive the identity of the predetermined product and the identity of the at least one user, retrieve the product preference from the database based on the identity of the predetermined product and the identity of the least one user and transmit the product preference to the first communication module.

Notably absent from the abstract idea of production configuration recited in Claim 1 is any inventive concept, which will be addressed in more detail below.

B.  Alleged Infringement

Plaintiff has alleged that ADS infringes the '090 Patent by selling, offering to sell, and/or using:

[H]ome automation and security systems, including, without limitation, the ADS Home Automation System, ADS Aniware®, and related connectable components, such as alarm systems, lighting controllers, door locks, mobile apps, thermostats, and wireless security cameras . . . . These systems and devices allow a user to remotely customize the operation of components in a house, such as an alarm system or a thermostat, for example.

---

[4] *See* Exhibit 1, November 19, 2015 Email from J. Johnson to N. Bailey re: assertion of only Claim 1 against ADS.
[5] The '090 Patent application was a continuation application of U.S. patent application Ser. No. 12/854,451, filed Aug. 11, 2010, which was a continuation application of U.S. patent application Ser. No. 11/471,323, filed Jun. 20, 2006, now U.S. Pat. No. 7,899,713.
4814-5408-5418.2

### III.   Law and Argument

Section 101 of the Patent Act provides that "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 101.   One implied exception to Section 101 is an abstract idea – which is not patentable.[6]   The Supreme Court has repeatedly emphasized that "'[a]n idea of itself is not patentable."[7] Rather, ideas "are 'part of the storehouse of knowledge . . .  free to all men and reserved exclusively to none.'"[8]

In *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014), the Supreme Court set forth a two-part test for determining whether a patent's claims are drawn to an underlying patent-ineligible abstract idea.  Using this framework, the Court must first determine whether the claim at issue is directed to an abstract idea.[9]  If the claim is directed toward an abstract idea, the Court then asks whether the claim's elements, considered both individually and "as an ordered combination," "transform the nature of the claim" into a patent-eligible application.[10]   The second step, therefore, asks whether the claim at issue contains an "'inventive concept'"—i.e., an element or combination of elements that is "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself."[11]

Claim 1 of the '090 Patent is directed to an abstract idea.  Its elements do not save it from patent ineligibility.

---

[6] *See Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014).

[7] *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014) (citing *Gottschalk v. Benson*, 409 U.S. 63, 67 (1972) (further citations omitted).

[8] *Bilski v. Kappos*, 561 U.S. 593, 602 (2010) (citing *Funk Brothers Seed Co. v. Kalo Inoculant Co.*, 333 U.S. 127, 130 (1948)).

[9] *See Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014).

[10] *See Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014).

[11] *See Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014) (citations omitted).

4814-5408-5418.2

A.  Claim 1 of the '090 Patent is Directed to an Abstract Idea

Claim 1 of the '090 Patent is directed to the abstract idea of product configuration.

Product configuration is not a novel concept nor one that deserves a monopoly.  As the Supreme

Court has noted, the concern that drives precluding abstract ideas from patentability is "one of

pre-emption."[12]  This concern manifests in this case.  Plaintiff has filed 49 other suits asserting

the '090 Patent against various entities and technologies.  The range of technologies that Claim 1

of the '090 Patent is alleged to read on is eye opening.

| Civil Action No. | Technology Asserted Against |
|---|---|
| | |
| 2:15-cv-00156 (Complaint against Defendant ADT, LLC) | Product configuration for door locks, video cameras, thermostats, and light control modules. |
| 2:15-cv-00156 (Amended Complaint against Defendant Rain Bird Corporation) | Product configuration for irrigation sprinklers. |
| 2:15-cv-00156 (Amended Complaint against Defendant Toshiba America) | Product configuration for cameras. |
| 2:15-cv-00157 (Complaint against Defendant Belkin International) | Product configuration for a coffeemaker |
| 2-15-cv-00158 (Complaint against Defendant BrickHouse Electronics, LLC) | Product configuration for a thermostat, smart locks, lighting, and appliance products, video monitoring equipment, and home security systems. |
| 2-15-cv-00159 (Complaint against Defendant Cisco Systems, Inc.) | Product configuration for network security. |
| 2-15-cv-00161 (Complaint against Defendant General Electric Company) | Product configuration for washers, dryers, thermostats, switches, air conditioners, microwave ovens, refrigerators, and dishwashers. |
| 2-15-cv-00162 (Complaint against Defendant Honeywell International, Inc.) | Product configuration for lighting, locks, cameras, shades, and ceiling fans. |
| 2-15-cv-00164 (Complaint against Defendant OnStar, LLC) | Product configuration that allows one to start a car's engine, lock and unlock car doors, sound the car horn, and flash the car's lights. |
| 2-15-cv-00168 (Complaint | Product configuration for sending scanned documents to a |

---

[12] *See Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014) (citing *Bilski v. Kappos*, 561 U.S. 593, 611-612 (2010) .

| against Defendant Sharp Electronics Corporation) | mobile device, to preview and save scanned documents on a mobile device, and control those who can utilize the printing services. |
|---|---|
| 2-15-cv-00173 (Complaint against Defendant Vivint, Inc.) | Product configuration for cameras, door locks, thermostats, appliance controls, window sensors, motion detectors, and lighting controls. |
| 2-15-cv-01124 (Complaint against Defendant D-Link Systems, Inc.) | Product configuration for baby monitors, sensors, smart plugs, Wi-Fi hubs, Wi-Fi sirens, and similar systems. |
| 2-15-cv-01164 (Complaint against Defendant Summer Infant, Inc.) | Product configuration for video monitors & internet viewing systems and compatible devices, and similar systems and devices . . . . |
| 2-15-cv-01465 (Complaint against Defendant Protect America, Inc.) | Product configuration for home automation devices, such as door and window sensors, door locks, appliance modules, and wireless security cameras. |
| 2-15-cv-01469 (Complaint against Defendant Slomin's Inc.) | Product configuration for motion detectors, door contacts, video cameras, and smoke detectors. |
| 2-15-cv-01496 (Complaint against Defendant Guardian Alarm Company) | Product configuration for security systems, cameras, door locks, lights, thermostats, ceiling fans and window shades. |
| 2-15-cv-01498 (Complaint against Defendant AFA Protective Systems, Inc.) | Product configuration for security systems, cameras, door locks, lights, thermostats, and garage doors. |
| 2-15-cv-01573 (Complaint against Defendant Smartlabs, Inc.) | Product configuration for networking equipment, apps, plug-in devices, lights, remotes, switches and keypads, sensors, outlets, thermostats, cameras, audio equipment, and lighting control systems. |
| 2-15-cv-01576 (Complaint against Defendant Rheem Manufacturing Company) | Product configuration for electric water heaters, gas furnaces, heat pumps, pool heaters, and similar systems and devices. |
| 2-15-cv-01641 (Complaint against Defendant AT&T Corp.) | Product configuration for the operation of a phone or other communication device. |

The breadth of technologies that the '090 patent has been asserted against has been characterized by the Electronic Frontier Foundation as an attack on the "Internet of Things."[13]  In filing these lawsuits, Plaintiff has impliedly construed Claim 1 of the '090 Patent to cover product configuration for any product.  This Court should not allow Plaintiff to have a monopoly on the common process of product configuration.

---

[13] *See* Exhibit 2.

B.  Claim 1 of the '090 Patent Adds Nothing Inventive to the Abstract Idea it Embodies

Claim 1 does not recite meaningful limitations that would move the claim from the realm of patent ineligibility.  As shown below in ==yellow highlighting==, the claim requires two pieces of generic computer hardware (and arguably does that): (1) a "server" and (2) "a communication module."

> 1. A system for customizing a product according to a user's preferences comprising: ==a remote server== including a database configured to store a product preference of a predetermined product for at least one user; and
>
> > ==a first communication module== within the product and in communication with the remote server;
>
> > wherein the remote server is configured to receive the identity of the predetermined product and the identity of the at least one user, retrieve the product preference from the database based on the identity of the predetermined product and the identity of the least one user and transmit the product preference to the first communication module.

Claim 1 does not recite any specialized or purportedly novel hardware or software.  The claim only recites a generic server having a generic database with no specified data structure, which retrieves information using an unspecified kind of communications protocol and stores information using an unspecified kind of data storage protocol.

As noted by the Supreme Court in *Alice*,[14] "merely requir[ing] generic computer implementation" does not move a claim directed to an abstract idea into Section 101 eligibility. As with the system claims in *Alice*, which invoked a "'data processing system' with a 'communications controller' and 'data storage unit,'" the "purely functional and generic" components for "performing the basic calculation, storage, and transmission functions required"

---

[14] *See Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2357 (2014).

4814-5408-5418.2

by Claim 1 of the '090 Patent do not save it from invalidity.[15]   As the Federal Circuit recently

noted:

> That a computer receives and sends the information over a network—with no
> further specification—is not even arguably inventive. The computers in *Alice*
> were receiving and sending information over networks connecting the
> intermediary to the other institutions involved, and the Court found the claimed
> role of the computers insufficient.[16]

After setting aside the "insignificant computer-based limitations" of Claim 1 of the '090

Patent – a "server" and a "communications module," the analysis reduces to "what additional

features remain in the claims."[17]   The answer is nothing patentable – what is left is the abstract

idea of storing product configuration data for a user and sending that data when requested.  This

idea is hardly inventive.

Two different claims with more meaningful features were recently found invalid under

Section 101 in *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1367

(Fed. Cir. 2015).  In that case, with respect to one patent claim, a "a database," "a user profile,"

and "a communication medium," were all categorized as generic computer elements.   The

*Intellectual Ventures* Court noted that "[i]nstructing one to 'apply' an abstract idea and reciting

no more than generic computer elements performing generic computer tasks does not make an

abstract idea patent-eligible."[18]

The Court also found that a claim relating "to customizing information based on

(1) information known about the user and (2) navigation data" was invalid under Section 101 –

---

[15] *See Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2360 (2014).

[16] *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1355 (Fed. Cir. 2014).

[17] *Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1345 (Fed. Cir. 2013) cert. denied, 134 S. Ct. 2871, 189 L. Ed. 2d 833 (2014) (quoting *Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1279 (Fed. Cir. 2012) (holding claims patent-ineligible even when the specification "contains very detailed software implementation guidelines" because "the system claims themselves only contain generalized software components arranged to implement an abstract concept on a computer")).

[18] *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1367 (Fed. Cir. 2015).

4814-5408-5418.2

noting that "[t]his sort of information tailoring is 'a fundamental ... practice long prevalent in our system....'"[19]  The tailoring of production configuration for a user is no different.

Because Claim 1 of the '090 Patent does not have meaningful limitations that restrict the claims to a non-routine and specific application of an abstract idea, Claim 1 should be held invalid under § 101.[20]

### C.  Patent Eligibility Under Section 101 is a Threshold Test

Whether asserted patent claims are invalid for failure to claim statutory subject matter under Section 101 is a question of law[21] and is a "threshold test."[22]  Thus, invalidity under Section 101 can provide grounds for granting a judgment on the pleadings.[23]  The Court should do so here.

## IV.   Conclusion

Claim 1 of the '090 Patent is invalid.  This Court can and should decide to dismiss this case and enter judgment for Defendant.

Respectfully submitted,

_/s/Nathan J. Bailey_____
Nathan J. Bailey, Lead Counsel,
TN BPR # 026183
WALLER LANSDEN DORTCH & DAVIS, LLP.
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN  37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Nate.Bailey@wallerlaw.com

*Attorneys for ADS Security, L.P.*

---

[19] *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1369 (Fed. Cir. 2015) (citing *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2356 (2014))
[20] *See Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2359-60 (2014).
[21] *See In re Comiskey*, 554 F. 3d 967, 975 (Fed. Cir. 2009).
[22] *See Bilski v. Kappos*, 561 U.S. 593, 602 (2010).
[23] *See, e.g. buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1352 (Fed. Cir. 2014) (affirming grant of motion for judgment on the pleadings based on invalidity under Section 101).

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 24, 2015 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF filing system per Local Rule CV-5(a)(3).


        __/s/Nathan J. Bailey_____
        Nathan J. Bailey


## CERTIFICATE OF COMPLIANCE WITH THE COURT'S
## 35 U.S.C. § 101 MOTION PRACTICE ORDER

_____ The parties **agree** that prior claim construction is not needed to inform the Court's analysis as to patentability.

___X___ The parties **disagree** on whether prior claim construction is not needed to inform the Court's analysis as to patentability.

        /s/ Nathan J. Bailey

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, | § § § § | |
| *Plaintiff,* | § § § | |
| v . | § | |
| GUARDIAN PROTECTION SERVICES, INC. | § § | 2:15-cv-01431-JRG-RSP **(lead case)** |
| ADS SECURITY, LP | § | 2:15-cv-01463-JRG-RSP |
| ALARM SECURITY GROUP, LLC | § | 2:15-cv-01464-JRG-RSP |
| CENTRAL SECURITY GROUP NATIONWIDE, INC. | § | 2:15-cv-01462-JRG-RSP |
| GUARDIAN ALARM COMPANY | § | 2:15-cv-01496-JRG-RSP |
| GUARDIAN OF GEORGIA, INC. D/B/A ACKERMAN SECURITY SYSTEMS | § § | 2:15-cv-01429-JRG-RSP |
| ICON SECURITY SYSTEMS, INC. | § | 2:15-cv-01468-JRG-RSP |
| MONITRONICS INTERNATIONAL, INC. | § | 2:15-cv-01466-JRG-RSP |
| SLOMIN'S, INC. | § | 2:15-cv-01469-JRG-RSP |
| *Defendants.* | | |

**ORDER GRANTING ADS SECURITY, L.P.'S MOTION FOR JUDGMENT ON THE
PLEADINGS OF INVALIDITY UNDER 35 U.S.C. § 101**

Having considered Defendant ADS Security, L.P.'s Motion for Judgment on the

Pleadings of Invalidity under 35 U.S.C. § 101, and finding it well taken, the motion is granted.

This case is dismissed.

_____