# EXHIBIT 1



Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
P.O. Box 198966
Nashville, TN 37219-8966

615.244.6380   main
615.244.6804   fax
wallerlaw.com

Nate Bailey
615.850.8740   direct
nate.bailey@wallerlaw.com

December 4, 2015

The Honorable Rodney Gilstrap
U.S. District Court for the Eastern District of Texas
100 East Houston Street
Marshall, TX 75670

    Re:  *Rothschild Connected Devices Innovations, LLC, v. ADS Security, L.P.*
          *(Consolidated Case No. 2:15-cv-01431-JRG-RSP)*

Dear Judge Gilstrap:

    In compliance with this Court's Standing Order Regarding Motions Under 35 U.S.C. § 101, Plaintiff Rothschild Connected Devices Innovations, LLC. ("RCDI") and Defendant ADS Security L.P. ("ADS") jointly file this letter to the Court briefing the issue as to whether claim construction is necessary before deciding Defendant ADS Security L.P.'s Motion for Judgment on the Pleadings.

    The parties' respective positions are set forth below:

<b><u>Plaintiff's Position On Claim Construction</u></b>

**I.   Which claim elements need construction.**

Plaintiff maintains that at least the following claim elements need constructions:

(A)   "customizing a product according to a user's preferences"
(B)   "communication module"
(C)   "predetermined product"
(D)   "identity of the at least one user"
(E)   "identity of the predetermined product"

**II.   Why these claim elements need construction.**

Plaintiff maintains that construing these claim elements will assist the Court in determining issues regarding patentability under Section 101. These issues include, without limitation:

(A)   whether the claimed invention is directed to an abstract idea

waller

The Honorable Rodney Gilstrap
December 4, 2015
Page 2

      (B)    whether the claimed invention overcomes a problem specifically arising in the realm of computer networks.
      (C)    whether the claimed invention includes hardware and tangible components
      (D)    whether the claimed invention involves a building block of ingenuity
      (E)    whether the asserted claim attempts to preempt the application of an idea
      (F)    whether, if the asserted claim is found to be directed to an abstract idea, the claim recites additional elements and limitations that transform the nature of the asserted claim into a patent-eligible application of that abstract idea
      (G)    whether the claimed invention merely mimics the performance of a business practice known from the pre-Internet world along with the requirement to perform it on the Internet
      (H)    whether the claimed invention recites elements that improve on the functioning of a computer platform or network itself
      (I)    whether the claimed invention involves the use of a network with specialized computing platforms, together with other elements, rather than the implementation of a known business method or human activity on a general purpose computer
      (J)    whether the claimed invention is directed to something more than a fundamental business or financial concept and recites elements that are more than activities performed by a human using pencil and paper
      (K)    whether the asserted claim recites meaningful limitations beyond generic computer functionality

**III.    What intrinsic evidence will Plaintiff rely upon.**

Plaintiff intends to rely upon at least the following intrinsic evidence:

    (A)    U.S. Patent No. 8,788,090 including, without limitation:
        (i)    Col. 7, ll. 59-63
        (ii)    Col. 6, ll. 59-63
        (iii)    Col. 5, ll. 12-24
        (iv)    Col. 3, ll. 9-11
        (v)    Col. 4, ll. 44-46
        (vi)    Col. 5, ll. 21-24
        (vii)    Col. 1, ll. 46-51
        (viii)    Col. 5, ll. 25-35

    (B)    The file history of U.S. Patent No. 8,788,090 including, without limitation:
        (i)    Office Action Amendment, January 13, 2014, pg. 6

waller

The Honorable Rodney Gilstrap
December 4, 2015
Page 3

## Defendant's Position On Claim Construction

Defendant ADS Security, L.P.'s Motion for Judgment on the Pleadings of Invalidity under 35 U.S.C. § 101 (Dkt. # 23) ("the Motion") only concerns Claim 1 of the '090 Patent. Plaintiff alleges that the following highlighted terms need to be construed:

> 1. A system for customizing a product according to a user's preferences comprising: a remote server including a database configured to store a product preference of a predetermined product for at least one user; and
>
> a first communication module within the product and in communication with the remote server;
>
> wherein the remote server is configured to receive the identity of the predetermined product and the identity of the at least one user, retrieve the product preference from the database based on the identity of the predetermined product and the identity of the least one user and transmit the product preference to the first communication module.

It is Defendant's position that no claim construction is needed prior to ruling on the Motion. As this Court noted in its recent decision in *eDekka v. 3Balls.com*[1] "[i]n certain circumstances, claim construction is not a pre-requisite to a § 101 determination."

Such is the case here.

Plaintiff fails to offer any proposed claim construction of the above highlighted terms that would impact the Court's analysis of the Section 101 issues that ADS has raised in the Motion. Plaintiff further fails to offer any rationale as to why construction is necessary for the myriad of issues it alleges hinge on construction (*see* Section II of Plaintiff's position above). Plaintiff further fails to explain how the intrinsic evidence Plaintiff cites would support any construction that would impact the subject matter eligibility of Claim 1 under 35 U.S.C. § 101.

Plaintiff has asserted Claim 1 of the '090 Patent against product configuration of everything from microwave ovens to cameras to baby monitors. Since February of this year, Plaintiff has filed fifty-nine lawsuits in this District alone.[2]    Regardless of what

---

[1] *eDekka v. 3Balls.com, Inc. et al.* Civil Action No. 2:15-CV-541 JRG (E.D. Texas, September 21, 2015) (citing *Bancorp Servs., L.L.C. v. Sun Life. Assur. Co. of Canada (U.S.)*, 687 F.3d 1273, 1274 (Fed. Cir. 2012)).
[2] The breadth of technologies that Claim 1 of the '090 Patent has been asserted against is discussed more fully in the Motion.

waller

The Honorable Rodney Gilstrap
December 4, 2015
Page 4

construction Plaintiff proposes, a construction such that Claim 1 of the '090 Patent reads on all of the technologies Plaintiff has asserted it against compels a finding that Claim 1 of the '090 Patent is directed to the abstract idea of product configuration. If Claim 1 of the '090 Patent is not broad enough to read on product configuration of the entire Internet of Things, as Plaintiff has alleged, Plaintiff's serial filing of so many lawsuits raises even more concerns than the failure of Claim 1 of the '090 Patent to pass muster under 35 U.S.C. § 101.

Because Claim 1 of the '090 Patent raises the very pre-emption concerns that drive abstract ideas from patentability[3] and its abstract nature is evident regardless of its construction, this Court should rule on the Motion at this stage in the litigation.

Respectfully submitted,

/s/ Jay Johnson
Jay Johnson

*(by email permission
as to Plaintiff's position set forth on
pages 1-2)*

/s/Nathan J. Bailey
Nathan J. Bailey *(for ADS Security, L.P's position set forth on pages 3-4)*

NJB: njb

cc: all counsel of record (via ECF)

---

[3] *See Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2354 (2014) (citing *Bilski v. Kappos*, 561 U.S. 593, 611-612 (2010) (noting that pre-emption is the concern that drives abstract ideas from patentability).

4844-1193-6811.1