Exhibit 7 to
ADS Security, L.P.'s
Motion for Attorneys' Fees

Exhibit 7 to ADS Security, L.P.'s Motion for Attorneys' Fees

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § | |
| GUARDIAN PROTECTION SERVICES, INC. | § § | 2:15-cv-01431-JRG-RSP **(lead case)** |
| ADS SECURITY, LP | § | 2:15-cv-01463-JRG-RSP |
| ALARM SECURITY GROUP, LLC | § | 2:15-cv-01464-JRG-RSP |
| CENTRAL SECURITY GROUP NATIONWIDE, INC. | § | 2:15-cv-01462-JRG-RSP |
| GUARDIAN ALARM COMPANY | § | 2:15-cv-01496-JRG-RSP |
| GUARDIAN OF GEORGIA, INC. D/B/A ACKERMAN SECURITY SYSTEMS | § § | 2:15-cv-01429-JRG-RSP |
| ICON SECURITY SYSTEMS, INC. | § | 2:15-cv-01468-JRG-RSP |
| MONITRONICS INTERNATIONAL, INC. | § | 2:15-cv-01466-JRG-RSP |
| SLOMIN'S, INC. | § | 2:15-cv-01469-JRG-RSP |
| *Defendants*. | | |

## DECLARATION OF NATHAN J. BAILEY IN SUPPORT OF
## ADS SECURITY, L.P.'S MOTION FOR SANCTIONS

1. I am an attorney for ADS Security, L.P. I am of age and of sound mind and otherwise competent to make the declarations herein. This declaration is being written in support of ADS's Motion for Attorneys' Fees filed in the above referenced case.

2. After receiving the above captioned lawsuit filed against my client, I contacted various other defendants' counsel that had been sued over the same patent-in-suit, United States Patent No. 8,788,090 ("the '090 Patent"), to determine if any type of formal joint defense group had been established.

3. When talking to other defendants' counsel, a few things became very clear.

Exhibit 7 to ADS Security, L.P.'s Motion for Attorneys' Fees

4. Plaintiff has engaged in a pattern of making nuisance settlement offers in an attempt to extort settlement payments which exploit the high cost of defending patent infringement litigations.

5. In this regard, Plaintiff made a nuisance settlement offer to my client, ADS Security.

6. Further, Plaintiff has been put on notice of multiple prior art references that would invalidate the patent-in-suit under Section 102 for lack of novelty.

7. Nine references and accompanying claim charts explaining how these references invalidated Claim 1 of the '090 Patent under Section 102 were attached to ADS's motion for sanctions as exhibits. That motion was served on December 28, 2015. Claim charts pointing out where each reference discloses each and every element of Claim 1 of the '090 Patent were previously served on Plaintiff for three of these references.

8. At least two defense counsel I have spoken with informed me that after putting Plaintiff on notice of Section 102 prior art that invalidated at least Claim 1 that Plaintiff withdrew the Complaint. Yet, Plaintiff has continued to assert the '090 Patent against multiple entities, including my client, and seek nuisance settlements from these entities.

9. I am willing to testify further regarding the above matters should the Court deem a hearing on these issues necessary.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 22, 2016

_____

Nathan J. Bailey