# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Case No. 2:15-cv-01431-JRG-RSP |
| GUARDIAN PROTECTION SERVICES, INC., | | LEAD CASE |
| Defendant. | | |
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Case No. 2:15-cv-01463-JRG-RSP |
| ADS SECURITY, LP | | CONSOLIDATED CASE |
| Defendant. | | |

### DECLARATION OF JAY JOHNSON IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT ADS' CROSS MOTION FOR ATTORNEYS' FEES

I, Jay Johnson, hereby declare as follows:

1. I am a partner with the law firm of Kizzia Johnson PLLC.

2. I am lead attorney for Plaintiff in this lawsuit.

3. I am a licensed patent attorney. My USPTO registration number is 38,193.

4. Before filing the Complaint in this lawsuit, I reviewed publicly available information regarding ADS's products and, in good faith, made a determination that the accused products infringed at least claim 1 of the patent-in-suit.

5. Before filing the Complaint in this lawsuit, I assisted in preparing a claim chart identifying how the elements of claim 1 of the patent-in-suit read on the products accused of infringement in the Complaint.

6. I have not conducted an analysis of any of the prior art asserted in Defendant's Cross Motion to form a belief as to whether that prior art would invalidate the patent-in-suit.

7. I believe, in good faith, that the patent-in-suit is valid and infringed by ADS.

8. To my knowledge, nobody acting on Plaintiff's behalf has conducted an analysis of any of the prior art asserted in Defendant's Cross Motion to form a belief as to whether that prior art would invalidate the patent-in-suit.

9. After filing the Complaint in this lawsuit, on or about November 5, 2015, Defendant's counsel contacted me to request a 15-day extension to respond to the Complaint. Defendant's counsel also indicated that Defendant was putting together a counteroffer and needed additional time because the infringement allegations and accused products involved indemnitors and suppliers and Defendant and its counsel were trying to sort out such issues.

10. On November 19, 2015, Defendant's counsel contacted Plaintiff's counsel threatening to file a Rule 11 motion and a Motion for Judgment on the Pleadings ("Alice Motion") if Plaintiff did not dismiss the lawsuit and pay Defendant's then-alleged attorney fees of $43,330. (see Email, Attachment A). I responded that Plaintiff would not accept a counteroffer that involved Plaintiff paying Defendant's attorney fees.

11. On December 28, 2015, I received Defendant's Rule 11 safe harbor notice. The notice included Defendant's proposed Rule 11 motion and a Declaration of Defendant's counsel ("Declaration") in support of the proposed Rule 11 motion. The Declaration stated that "Plaintiff's counsel has been put on notice of multiple prior art references that would invalidate

the patent-in-suit under Section 102 for lack of novelty." The Declaration further stated that "Plaintiff has engaged in a pattern of making nuisance settlement offers in an attempt to extort settlement payments which exploit the high cost of defending patent infringement litigations." Plaintiff considered ADS's proposed Rule 11 motion and determined that it should not be granted. These statements are not true. Due to the fact that ADS and its counsel appeared to be engaging in aggressive and questionable litigation tactics, Plaintiff nevertheless decided to withdraw its Complaint.

12. With respect to settlement offers, Plaintiff has made offers of settlement, but Plaintiff has not tried to "extort" settlement payments. While Plaintiff recognizes that some defendants will decide to settle based on an economic analysis, Plaintiff does not tie proposed settlement offers to the cost of litigation. Plaintiff has never tried to strong-arm a defendant. Rather, Plaintiff has simply offered an early settlement solution to accommodate those defendants seeking early resolution. Some defendants have accepted the offer and some have entered into a settlement after negotiating terms. Others have chosen not to settle.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 8, 2016

BY: _____
Jay Johnson