IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC | § § § | |
| Plaintiff, | § § | Case No: 2:15-cv-1431-JRG-RSP |
| vs. | § § | LEAD CASE |
| GUARDIAN PROTECTIONS SERVICES, INC., | § § § § | |
| Defendant. | § § | |
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC | § § § | |
| Plaintiff, | § § | Case No: 2:15-cv-1463-JRG-RSP |
| vs. | § § | LEAD CASE |
| ADS SECURITY, LP | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S SURREPLY TO DEFENDANT ADS SECURITY, L.P.'S
REPLY MEMORANDUM ON ATTORNEYS' FEES**

**I.   Introduction**

This lawsuit was not filed by the stereotypical non-practicing entity. Rather, Plaintiff RCDI is solely owned by Leigh Rothschild, a prolific inventor who, as is his right, asserts only his own patents to which he is an inventor, when he believes in good faith that they are being infringed. Mr. Rothschild is a named inventor to approximately 87 issued patents and over 125 pending applications, in various technology areas. He spent considerable time and effort commercializing some of his patented technology, as exemplified by BarPoint.com and

Connected Media Technologies, Inc., two companies he founded based on his inventions, which he took public. Despite its rhetoric and completely irrelevant comments regarding the quality of the patent-in-suit, Defendant cannot escape the fact the Plaintiff filed this lawsuit in good faith.

Defendant continues to rely on invalidity arguments to support its motion for attorneys' fees. Defendant ignores the premise that a patent is presumed valid until *proven* otherwise. Defendant seeks to short circuit the judicial system in which a defense of invalidity must be proved by clear and convincing evidence. Defendant's position seeks to take from the judicial system the determination of patent validity and place that determination in the hands of defendants. Defendant's position would require that a patent plaintiff, upon being presented with alleged prior art, to either dismiss the case immediately or find itself liable for attorneys' fees, or both. In this lawsuit, Plaintiff took a patent, which was presumed to be valid, and asserted it against Defendant upon forming a good faith belief that the patent was infringed. There is nothing about Plaintiff's conduct in this case that sets it apart from any other patent infringement lawsuit.

Plaintiff seeks to dismiss the lawsuit in response to overly aggressive and questionable litigation tactics. Perhaps the only uncommon conduct here is Defendant's dubious threat to file a Rule 11 motion if it was not immediately paid its attorneys' fees. In its Reply Brief, Defendant accuses Plaintiff of making the same threat. This argument should be viewed for what it is – a blatant attempt at deception. Plaintiff never threatened a Rule 11 motion. Rather, Plaintiff warned Defendant that if it filed a Rule 11 motion, and if that motion was found to be without basis, then Plaintiff would consider a Rule 11 motion of its own. Most importantly, however, is the distinction that *Defendant explicitly tied its threat to a demand for attorneys' fees*. Plaintiff

respectfully submits that this is an abuse of the judicial system and constitutes conduct that should weigh against awarding attorneys' fees.

## II.     The Alleged Prior Art

Defendant continues to ignore the presumption of validity and seeks to create a new standard of law. Defendant claims that Plaintiff engaged in "studied ignorance" and cites *Eltech Sys. Corp. v. PPG Indus.*, 903 F.2d 805, 810 (Fed. Cir. 1990). The cited *Eltech* decision, however, had nothing to do with patent validity and was, instead, focused solely in the issue of infringement. Defendant has set forth no argument that it does not infringe, other than to say it does not infringe if the claims are construed the way it wants them to be construed. In this regard, Defendant's own argument highlights the need for claim construction, as well as the fact that Plaintiff met its burden in filing the lawsuit in the first instance.

Almost all of Defendant's briefing concerns invalidity arguments. But, they fail to acknowledge the axiomatic principle that a patent is presumed valid until proven otherwise by clear and convincing evidence. *Microsoft Corp. v. i4i Limited Partnership et al.*, 131 S. Ct. 2238 (2011). And, in the judicial system under which we operate, that proof is presented during the course of litigation, either in a trial or in a motion for summary judgment. Obviously, this litigation is not close to trial. And, Defendant has not chosen to file a motion for summary judgment on invalidity. Rather, Defendant wants to circumvent the judicial system and espouse a standard by which it can proffer allegedly invalidating prior art and thereby require a Defendant to pay its attorneys' fees. Moreover, Defendant seeks this ruling in a lawsuit where Plaintiff has drawn no conclusion that any of the prior art raised invalidates the patent-in-suit. Defendant's position places the burden of proving that a patent is valid on the Plaintiff. This is not the standard.

Plaintiff has a good faith belief its patents are valid and is vigorously defending its patents. In response to two *Inter Partes Review* petitions filed by Unified Patents and RPX Corp., Plaintiff has retained counsel and is currently investing substantial resources and money to formulate a response to defend its patents against the IPR petitions. Ex. A., ¶ 5. This contradicts a conclusion that Plaintiff has formed any belief that the patent-in-suit is invalid.

### III.  Defendant's Rule 11 Threat

Defendant argues that nothing about its Rule 11 threat was inappropriate. Defendant also tries to divert attention from this issue by alleging that Plaintiff made the same threat. This is a flagrant attempt at deception. Plaintiff never threatened a Rule 11 motion. Plaintiff warned Defendant that *if* it filed a Rule 11 motion, and *if* it was determined that motion was without proper basis, then Plaintiff would *consider* filing a Rule 11 motion of its own. The most important fact, however, is that Defendant *did* make the threat *and explicitly tied that threat to a demand for attorneys' fees*. Plaintiff respectfully submits that this is an inappropriate litigation tactic and, coupled with Defendant's misstatements regarding "facts" concerning invalidity, should weigh against an award of attorneys' fees.

RCDI was adamant about maintaining its lawsuit against Defendant in response to their Rule 11 threat. Ex. A, ¶ 4. RCDI had a claim chart against the Defendant, and had a good faith belief Defendant infringed its patent. In over 10 years of enforcing his patents in patent litigation, neither Leigh Rothschild nor any of his companies has received a judgment requiring him, his companies, or his attorneys, to pay attorneys' fees or sanctions. Ex. A, ¶ 6. Nevertheless, RCDI's counsel advised RCDI to dismiss the case, due to Defendant's overly aggressive and questionable litigation tactics -- namely, its tactic to demand Plaintiff pay its attorney's fees, or face a baseless Rule 11 motion. Ex. A, ¶ 4. Plaintiff respectfully submits that

this is an abuse of the judicial system and constitutes conduct that should weigh against awarding attorneys' fees.

### IV. Conclusion

With respect to Plaintiff's conduct, there is nothing that sets this case apart from any other in a way that would justify a fee award. Plaintiff sought to enforce a patent presumed to be valid. Plaintiff had formed no conclusion that the patent was invalid based on any alleged prior art. And, Plaintiff formed a good faith belief that the patent was infringed – a conclusion barely rebutted by Defendant. On the other hand, Defendant has inappropriately attempted to extort attorneys' fees by threatening a Rule 11 motion without proper basis and by explicitly tying that threat to a demand for attorneys' fees. Defendant's reliance on epithets from notoriously anti-NPE "sources" only highlights Defendant's strategy of throwing everything against the wall to see what sticks. This is precisely the type of "kitchen sink" approach that this district has previously rejected. For all of the reasons given in Plaintiff's briefing, this Court should deny Defendant's motion for attorneys' fees.

Dated: March 3, 2016							Respectfully submitted,

                                 /s/ Jay Johnson
                                 **JAY JOHNSON**
State Bar No. 24067322
**BRAD KIZZIA**
State Bar No. 11547550
**ANTHONY RICCIARDELLI**
State Bar No. 24070493
**KIZZIA JOHNSON, PLLC**
750 N. St. Paul Street, Suite 1320
Dallas, Texas 75201
(214) 613-3350
Fax: (214) 613-3330
jay@kjpllc.com
bkizzia@kjpllc.com
anthony@brownfoxlaw.com

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 3, 2016.

                                 /s/ Jay Johnson
                                 Jay Johnson