# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC | § § § | |
| v. | § § | Case No. 2:15-cv-1431-JRG-RSP |
| GUARDIAN PROTECTION SERVICES, INC. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Cross-Motion for Attorneys' Fees (Dkt. No. 59) filed by Defendant ADS Security, LP ("ADS") in response to Plaintiff's Motion to Dismiss Defendant ADS under Rule 41(a) (Dkt. No. 58). ADS moves "that this case be declared exceptional and for attorneys' fees pursuant to 35 U.S.C. § 285." (Dkt. No. 59 at 5).[1] The Court held a hearing on the Motion on March 18, 2016.

## LEGAL STANDARD

Title 35 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An exceptional case under § 285 is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (concerning both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). District courts "may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* at 1757; *see also Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014). "After determining that a case is exceptional, the district court must determine whether attorney fees are

---

[1] Citations to the record use the page number in the CM/ECF header.

appropriate," which is within the Court's discretion. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1460 (Fed. Cir. 1998) (citations omitted). A party must prove entitlement to attorney fees by a preponderance of the evidence. *Octane Fitness*, 134 S. Ct. at 1758.

## BACKGROUND

Plaintiff Rothschild Connected Devices Innovations, LLC ("RCDI") filed its complaint against ADS on August 26, 2015 alleging infringement of U.S. Patent No. 8,788,090 (the '090 Patent). (Dkt. No. 1 in Case No. 2:15-cv-1463). On November 19, 2015 Defendant ADS sent an email to RCDI stating ADS's belief that the '090 Patent is invalid under 35 U.S.C. §§ 101 & 102. (Dkt. No. 60-1). ADS's email predicted that "the E.D. Texas will declare the case against my client exceptional" and award attorneys' fees, but ADS offered to make the case "go away quietly" if RCDI would pay $43,330 in "attorneys' fees and costs." (*Id.*). ADS represented that this amount included its attorneys' fees incurred in preparing as-yet-unfiled Rule 11 and Rule 12(c) motions "which we will serve assuming our client's settlement offer is rejected." (*Id.*). RCDI rejected ADS's offer November 20, 2015. (Dkt. No. 62-6). On November 24, 2015 ADS filed a Rule 12(c) Motion for Judgement on the Pleadings that the '090 Patent is invalid under § 101. (Dkt. No. 23). On December 28, 2015 ADS sent a "safe harbor" notice to RCDI pursuant to Fed. R. Civ. P. 11(c)(2) attaching a Rule 11 motion for sanctions. *See* (Dkt. No. 59-2). On January 18, 2016—within the 21-day "safe harbor" period—RCDI filed a Notice of Withdrawal of Complaint, dropping its claims against ADS. (Dkt. No. 55).[2]

---

[2] RCDI later re-styled its Notice as a "Motion to Dismiss" to comply with the Court's Rules. (Dkt. No. 58). RCDI subsequently filed an Amended Motion to Dismiss reciting a covenant not to sue. (Dkt. No. 80). The Amended Motion was unopposed and was granted. (Dkt. No. 83). The parties do not dispute that RCDI complied with the Rule 11 safe harbor period. *See, e.g.*, (Dkt. No. 59 at 12).

**DISCUSSION**

**I. The Safe Harbor**

Fed. R. Civ. P. 11(c)(2) provides a "safe harbor" period whereby "the motion [for sanctions] must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service." This safe harbor is designed to "give the parties at whom the motion is directed an opportunity to withdraw or correct the offending contention … and encourage the withdrawal of papers that violate the rule without involving the district court." *Cadle Co. v. Pratt*, 524 F.3d 580, 586–87 (5th Cir. 2008) (internal citations and quotations omitted). It is well-settled that "[m]otions under Rule 11 and § 285 are different" and that § 285 does not include a safe harbor provision. *See Digeo, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1368 (Fed. Cir. 2007). However, the Court is not persuaded that § 285 should be applied in a manner that contravenes the aims of Rule 11—Plaintiff's decision to voluntarily withdraw its complaint within the safe harbor period is the type of reasonable conduct Rule 11 is designed to encourage. The fact that Plaintiff timely withdrew its complaint "without involving the district court" weighs against a finding that Plaintiff litigated this case in an "unreasonable manner."

**II. Plaintiff's Pre-Suit Conduct**

Defendant's primary contention in seeking attorney fees, however, is not that Plaintiff's conduct <u>during</u> this litigation was unreasonable but that Plaintiff failed to conduct an adequate pre-suit investigation and filed its complaint in bad faith. Specifically, Defendant contends that a "cursory review" of the '090 Patent would have apprised Plaintiff of its patent-ineligibility under § 101 and that fourteen different prior art references Defendant provided to Plaintiff between

December 2, 2015 and January 19, 2016[3] all render the '090 Patent invalid as anticipated under § 102. (Dkt. No. 59 at 13–16).

"[F]or a case dismissed before trial to be designated exceptional, evidence of the frivolity of the claims must be reasonably clear without requiring a 'mini-trial' on the merits for attorneys' fees purposes." *MacroSolve, Inc. v. Antenna Software, Inc.*, Case No. 6:11-cv-287, Dkt. No. 573 at 5 (E.D. Tex. Oct. 16, 2014), *reconsideration denied*, Dkt. No. 578, *aff'd* 637 Fed. App'x. 591 (Fed. Cir. 2016), *cert. denied*, 2016 U.S. LEXIS 3904 (U.S. June 13, 2016). With respect to Defendant's contention that the '090 Patent is invalid under § 101, the Court observes that Plaintiff's Response (Dkt. No. 35) and Sur-Reply (Dkt. No. 54) to Defendant's Rule 12(c) Motion recite non-conclusory and facially plausible arguments supporting patent eligibility.[4] *Compare* (Dkt. No. 35 at 11–12) (arguing the claims recite a computer system and "overcome problems specifically arising [in] computer-based communication networks") *with eDekka LLC v. 3balls.com, Inc.*, Case No. 2:15-cv-541, Dkt. No. 133 at 4, 2015 U.S. Dist. LEXIS 168610 at *13 (E.D. Tex. Dec. 17, 2015) ("The claims are not tied to a generic computer, let alone a specialized one"). Because Defendant's 12(c) Motion is now moot, the Court will not delve deeply into the merits of the Motion, but the Court does find that Plaintiff's arguments are non-frivolous.

As for Defendants' allegedly anticipating prior art, no motion seeking to invalidate any claim under § 102 has been filed in this case and claim construction has not taken place. Because

---

[3] Specifically, ADS contends "[t]hree of these references were sent to Plaintiff on December 2, 2015 … [s]ix more were served on Plaintiff along with ADS's Rule 11 motion. And, five more were served with ADS's invalidity contentions." (Dkt. No. 59 at 14); *see also* (Dkt. No. 59-5 at 7) (ADS's invalidity contentions were served January 19, 2016).

[4] Plaintiff's Response also attaches an expert declaration addressing issues relevant to patent eligibility under § 101. (Dkt. No. 35-1).

the issue has not been briefed, the Court could not conduct a "mini-trial" on anticipation even if it were proper to do so. Moreover, Plaintiff dismissed its complaint within a short period of time after receiving the allegedly invalidating references from Defendant (five of the references appear to have been served the day <u>after</u> Plaintiff filed its Notice of Withdrawal of Complaint). Thus, Defendant's argument cannot be that RCDI litigated in an unreasonable manner after receiving notice of these references. Instead, Defendant's contention seems to be that a reasonable pre-suit investigation should have brought these references to Plaintiff's attention. But Defendant presents no evidence that Plaintiff knew or should have known of these fourteen references (with the exception of one—U.S. Patent No. 7,151,968—which was identified to Plaintiff in another litigation on May 29, 2015). (Dkt. No. 62-1 at 12).

More importantly, Defendant does not explain why a reasonable pre-suit investigation would indicate that the '090 Patent is invalid in view of these references. Patents are presumed valid under 35 U.S.C. § 282, but Defendant argues the '090 Patent is anticipated because "[t]he prior art is rife with disclosures of systems that Plaintiff is accusing of infringement, including remotely configurable thermostats, coffeemakers, cameras, lighting apparatuses, alarm systems, and a host of other devices." (Dkt. No. 59 at 15). To the extent this statement is representative of Defendant's invalidity theory under § 102, it is a theory the Federal Circuit has consistently rejected: "practicing the prior art is irrelevant; it is the presence of the prior art and its relationship to the claim language that matters for invalidity." *Tate Access Floors v. Interface Architectural Res.*, 279 F.3d 1357, 1367 (Fed. Cir. 2002); *see also, e.g.*, *Nazomi Communications, Inc. v. ARM Holdings, PLC*, 403 F.3d 1364, 1371 (Fed. Cir. 2005) ("this court cautions against the nonviable 'practicing the prior art' defense"). Nothing in ADS's Motion constitutes "reasonably clear" evidence of the frivolity of RCDI's claims.

**III. Plaintiff's Conduct in Other Litigation**

ADS further argues that "[t]he size and structure of Plaintiff's settlement payments correlate to a litigation position that lacks any substantive strength and supports a finding that Plaintiff is exploiting the high cost of complex litigation to extract nuisance value settlements." (Dkt. No. 62 at 4). ADS submits thirteen RCDI settlement agreements under seal for *in camera* review. (Dkt. No. 64). "[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285." *SFA Sys., LLC v. Newegg, Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015). However, the fact that a patentee has asserted a patent "against a wide variety of defendants and settled many of those cases for significantly less than litigation costs does not alone show bad faith." *MacroSolve*, Case No. 6:11-cv-287, Dkt. No. 573 at 5. Punishing a Plaintiff for the mere fact that it has filed many lawsuits would surely "narrow the public's access to the courts by chilling future decisions to seek redress for a case in which success is not guaranteed." *See eDekka*, Case No. 2:15-cv-541, Dkt. No. 133 at 8. In the absence of any showing that RCDI acted unreasonably or in bad faith in the context of this suit, the Court will not conclude that RCDI's prior settlements alone justify a finding that this case is exceptional.[5] It is noteworthy that when ADS offered RCDI an opportunity to avoid testing the merits of its claims by paying a cost-of-

---

[5] ADS also belabors, both in its communications with RCDI and in its filings before this Court, the ignominious titles bestowed on the '090 Patent by several websites and blogs. *See, e.g.*, (Dkt No. 62 at 9–10). It goes without saying that a third party's decision to award "Stupid Patent of the Month" to the '090 Patent is not binding or persuasive legal authority. When deciding a motion under § 285 the relative reasonableness of the parties' conduct is undisputedly paramount. ADS's resort to name-calling does not commend it as the more reasonable party.

litigation settlement, RCDI declined and instead fully briefed a Response and Sur-reply addressing the merits of ADS's 12(c) Motion on the issue of § 101 patent eligibility.[6]

## CONCLUSION

ADS has not shown that RCDI litigated this case in an unreasonable manner or that this case "stands out from others" in terms of the substantive strength of RCDI's litigating position. RCDI withdrew its complaint early in the case within the Rule 11 safe harbor period (before claim construction and before ADS's invalidity contentions were due) and RCDI has presented facially non-frivolous responses to the arguments raised in ADS's Rule 12(c) Motion. The Court finds that this case is not exceptional, considering the totality of the circumstances. ADS's Cross-Motion for Attorneys' Fees (Dkt. No. 59) is **DENIED**.

**Jul 18, 2016**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[6] Although Defendant's Rule 12(c) Motion is now moot, it was not moot when the parties briefed it because Defendant maintained declaratory judgment counterclaims. The parties agree that RCDI's subsequent covenant not to sue extinguishes those counterclaims. *See* (Dkt. No. 84 at 29:15–17) ("MR. BAILEY: Your Honor, I think the case law is -- is well established that [the covenant] would divest the Court of jurisdiction over our DJ claims.").