# United States Court of Appeals for the Federal Circuit

---

**ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC,**
*Plaintiff-Appellee*

v.

**GUARDIAN PROTECTION SERVICES, INC., ALARM SECURITY GROUP, LLC, CENTRAL SECURITY GROUP - NATIONWIDE, INC., GUARDIAN ALARM COMPANY, GUARDIAN OF GEORGIA, INC., DBA ACKERMAN SECURITY SYSTEMS, ICON SECURITY SYSTEMS, INC., MONITRONICS INTERNATIONAL, INC., SLOMIN'S, INC.**
*Defendants*

**ADS SECURITY, L.P.,**
*Defendant-Appellant*

---

2016-2521

---

Appeal from the United States District Court for the Eastern District of Texas in Nos. 2:15-cv-01431-JRG-RSP, 2:15-cv-01463-JRG-RSP, 2:15-cv-01464-JRG-RSP, 2:15-cv-01462-JRG-RSP, 2:15-cv-01496-JRG-RSP, 2:15-cv-01429-JRG-RSP, 2:15-cv-01468-JRG-RSP, 2:15-cv-01466-JRG-RSP, 2:15-cv-01469-JRG-RSP Judge J. Rodney Gilstrap.

---

Decided: June 5, 2017

Case 2:15-cv-01431-JRG-RSP Document 95-1 Filed 06/05/17 Page 2 of 17 PageID #: 1363
Case: 16-2521    Document: 45-2    Page: 2    Filed: 06/09/2017

2   ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC v.
                   GUARDIAN PROT. SERVS., INC.

---

JAY B. JOHNSON, Kizzia Johnson PLLC, Dallas, TX, argued for plaintiff-appellee.

NATHAN BAILEY, Waller Lansden Dortch & Davis, LLP, Nashville, TN, argued for defendant-appellant. Also represented by ERIC BRANDON FUGETT.

---

Before PROST, *Chief Judge,* MAYER and WALLACH, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* WALLACH.

Concurring opinion filed by *Circuit Judge* MAYER.

WALLACH, *Circuit Judge.*

Appellant ADS Security, L.P. ("ADS") appeals the opinion and order of the U.S. District Court for the Eastern District of Texas ("District Court") denying ADS's request for attorney fees pursuant to 35 U.S.C. § 285 (2012). *See Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, No. 2:15-cv-01431-JRG-RSP, 2016 WL 3883549, at *4 (E.D. Tex. July 18, 2016). The District Court found that Appellee Rothschild Connected Devices Innovations, LLC ("Rothschild") had not engaged in conduct sufficient to make the litigation "exceptional," such that ADS did not merit attorney fees pursuant to § 285. *See id.* at *1–3.

ADS appeals the District Court's exceptional case determination. We possess subject matter jurisdiction pursuant to 28 U.S.C. § 1295(a)(1) (2012). We reverse and remand.

ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC       3
v. GUARDIAN PROT. SERVS., INC.

## BACKGROUND

The instant dispute arises as a consequence of Rothschild's allegation that ADS's home security system infringes U.S. Patent No. 8,788,090 ("the '090 patent"). The '090 patent generally recites "[a] system and method for creating a personalized consumer product," '090 patent, Abstract, where the system and method "enable a user to customize products containing solids and fluids by allowing a server on the global computer network, e.g., the Internet, to instruct the hardware mixing the solids and fluids of the user's preferences for the final mix," *id.* col. 1 ll. 58–62. Rothschild has filed numerous lawsuits against various parties alleging infringement of the '090 patent. J.A. 1086, 1097.

Rothschild filed a complaint against ADS alleging infringement of claim 1 of the '090 patent. J.A. 62, 73. ADS responded by filing an answer and counterclaims. J.A. 84–92. ADS subsequently sent an email to Rothschild alleging that the '090 patent covers patent-ineligible subject matter under 35 U.S.C. § 101[1] and that prior art anticipates claim 1 of the '090 patent under 35 U.S.C. § 102(a)(1).[2] J.A. 704. ADS offered to settle the case if Rothschild paid ADS $43,330 for attorney fees and costs. J.A. 704. Rothschild rejected ADS's offer. J.A. 855.

---

[1] "Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of" Title 35 of the U.S. Code. 35 U.S.C. § 101.

[2] "A person shall be entitled to a patent unless . . . the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention . . . ." 35 U.S.C. § 102(a)(1).

4    ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC v.
GUARDIAN PROT. SERVS., INC.

ADS next filed a motion for judgment on the pleadings, arguing that claim 1 of the '090 patent covers patent-ineligible subject matter under § 101. J.A. 93–104. ADS also sent Rothschild a notice pursuant to Federal Rule of Civil Procedure 11(c)(2) ("Safe Harbor Notice"),[3] which included copies of a proposed Rule 11(b) motion for sanctions and prior art that purportedly anticipates claim 1. J.A. 270, 685. In light of the Safe Harbor Notice, Rothschild voluntarily moved to dismiss its action. *See* J.A. 247. ADS opposed and filed a cross-motion for attorney fees pursuant to § 285,[4] *see* J.A. 249, based on its view that Rothschild's suit was objectively unreasonable because Rothschild knew or should have known that claim 1 covers patent-ineligible subject matter under § 101 and is anticipated by prior art under § 102(a)(1), *see* J.A. 261–64. ADS also argued that Rothschild did not intend to test the merits of its claim and instead filed this and over fifty other lawsuits in the District Court to "'exploit[] the high cost to defend complex litigation to extract nuisance value

---

[3] Rule 11(c)(2) explains that a motion for sanctions under Rule 11(b) "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." In other words, before a party may seek Rule 11 sanctions against another party, the first party must provide the second party with notice of its intent to seek sanctions and afford the second party twenty-one days to take corrective action. *See* Fed. R. Civ. P. 11(c)(2). The twenty-one day period is known as the "safe harbor" period. *See, e.g.*, *Orenshteyn v. Citrix Sys., Inc.*, 341 F. App'x 621, 626 (Fed. Cir. 2009).

[4] The Cross-Motion included the purportedly anticipatory prior art references and accompanying claim charts that ADS included in the Safe Harbor Notice. *See* J.A. 293–94, 299–332, 334–679, 685.

settlements'" from various defendants. J.A. 265 (brackets omitted) (quoting *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1327 (Fed. Cir. 2011)).

The District Court ultimately granted Rothschild's Motion to Dismiss and denied ADS's Cross-Motion for attorney fees. *Rothschild*, 2016 WL 3883549, at *4. As to the latter, the District Court found that Rothschild did not engage in conduct sufficient to make the action "exceptional" under § 285. *Id.* The District Court found that Rothschild's "decision to voluntarily withdraw its [C]omplaint within the safe harbor period is the type of reasonable conduct Rule 11 is designed to encourage." *Id.* at *2. The District Court also found that Rothschild recited "non-conclusory and facially plausible arguments supporting patent eligibility" under § 101. *Id.* Turning to the anticipation allegations, the District Court found that ADS neither filed a motion seeking to invalidate claim 1 of the '090 patent under § 102(a)(1) nor demonstrated that Rothschild failed to conduct a reasonable pre-suit investigation of the prior art. *Id.* Finally, the District Court held that Rothschild's numerous other suits for infringement pending against other companies did not alone make the case exceptional. *Id.* at *3. This appeal followed.

## DISCUSSION

### I. Legal Framework and Standard of Review

A "court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Supreme Court has explained that an exceptional case, though rare,

> is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District

Case 2:15-cv-01431-JRG-RSP Document 95-1 Filed 06/05/17 Page 6 of 17 PageID #: 1367
Case: 16-2521    Document: 45-2    Page: 6    Filed: 06/09/2017

6    ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC v.
GUARDIAN PROT. SERVS., INC.

courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014) (footnote omitted); *see id.* at 1757 (explaining that "a district court may award fees in the rare case in which a party's unreasonable conduct—while not independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees"). In weighing the evidence, the district court may consider, among other factors, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case)[,] and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6 (internal quotation marks and citation omitted); *see also id.* at 1758 (explaining that a § 285 attorney fee award is appropriate "when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" (internal quotation marks and citation omitted)). An exceptional case determination must find support in a "preponderance of the evidence." *Id.* at 1758.

"We review all aspects of a district court's § 285 determination for an abuse of discretion," *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 482 (Fed. Cir. 2016) (citation omitted), including its "exceptional case determination," *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1347 (Fed. Cir. 2015) (citation omitted). An abuse of discretion occurs when, inter alia, the district court "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 n.2 (2014) (internal quotation marks and citation omitted). "A factual finding is clearly erroneous if, despite some supporting evidence, we are left with the definite and firm conviction that a mistake has been made." *Insite*

ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC    7
v. GUARDIAN PROT. SERVS., INC.

*Vision Inc. v. Sandoz, Inc.*, 783 F.3d 853, 858 (Fed. Cir. 2015) (internal quotation marks and citation omitted).

### II. The District Court's Exceptional Case Determination Constitutes an Abuse of Discretion

ADS challenges the District Court's exceptional case determination on several grounds. First, ADS alleges that the District Court failed to properly assess the weakness of Rothschild's litigating position because claim 1 of the '090 patent covers patent-ineligible subject matter under § 101 and is anticipated by the prior art under § 102(a)(1). *See* Appellant's Br. 18–32. Second, ADS avers that "the District Court failed to consider Rothschild's willful ignorance of the prior art," which further demonstrates the weakness of Rothschild's litigating position. *Id.* at 32 (capitalization modified); *see id.* at 32–35. Third, ADS contends that Rothschild engaged in vexatious litigation by bringing suit solely to extract a nuisance payment, citing the numerous lawsuits that Rothschild has filed regarding the '090 patent. *See id.* at 37–40. Fourth, ADS argues that the District Court failed to "consider the totality of the circumstances as required by *Octane Fitness*" because, inter alia, it "improperly conflat[ed] the provisions of Rule 11 and relief under [§] 285." *Id.* at 40; *see id.* at 40–43.

We need not address ADS's first argument because the second, third, and fourth arguments demonstrate an abuse of discretion. We address these three arguments in turn.

### A. The District Court Misjudged the Strength of Rothschild's Litigating Position in Consideration of the Prior Art

ADS avers that Rothschild submitted affidavits that include statements "evidenc[ing] a conscious disregard for Rothschild's continuing obligation to inquire into the merits of its case." *Id.* at 33. According to ADS, the

8   ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC v.
GUARDIAN PROT. SERVS., INC.

District Court did "not address[] these troubling statements." *Id.* ADS argues that the District Court thus "fail[ed] to properly assess the substantive strength of Rothschild's litigating position." *Id.* at 35.

The District Court clearly erred by failing to consider Rothschild's willful ignorance of the prior art. In its Safe Harbor Notice and Cross-Motion for attorney fees, ADS included prior art that purportedly anticipates claim 1 of the '090 patent. J.A. 293–94, 334–679, 685. In response to ADS's Cross-Motion for attorney fees, Rothschild submitted two affidavits relevant here. In the first, Rothschild's counsel stated that he had "not conducted an analysis of any of the prior art asserted in [the] Cross[-]Motion to form a belief as to whether that prior art would invalidate" the '090 patent. J.A. 708. In the second, Rothschild's founder echoed these statements. J.A. 712–13. However, in the same affidavits, Rothschild's counsel and founder both assert that they possessed a "good faith" belief that the '090 patent "is valid." J.A. 708, 712. It is unclear how Rothschild's counsel and founder could reasonably believe that claim 1 is valid if neither analyzed the purportedly invalidating prior art provided by ADS.[5] More problematic here, the District Court did not

---

[5] Rothschild's counsel stated during oral argument that the affidavits meant to convey that Rothschild's counsel and founder had reviewed the references and reached a conclusion different from ADS. *See* Oral Argument at 13:42–14:00, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2016-2521.mp3. That position is unavailing for two reasons. First, the affidavits' terms simply do not support Rothschild's position because they do not include any language suggesting that Rothschild's counsel or founder had reviewed the references. *See* J.A. 707–09, 711–14. Second, Rothschild's contention at Oral Argument belies the position that it took during the

Case 2:15-cv-01431-JRG-RSP Document 95-2 Filed 06/05/17 Page 9 of 17 PageID #: 1370
Case: 16-2521 Document: 45-2 Page: 9 Filed: 06/09/2017

ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC 9
v. GUARDIAN PROT. SERVS., INC.

address these incongruent statements in its analysis. *See generally Rothschild*, 2016 WL 3883549. A district court abuses its discretion when, as here, it "fail[s] to conduct an adequate inquiry." *Atl. Research Mktg. Sys., Inc. v. Troy*, 659 F.3d 1345, 1360 (Fed. Cir. 2011).

Other aspects of the relevant affidavits reveal additional problems with the District Court's analysis. For example, Rothschild's counsel attested that ADS's proposed Rule 11(b) motion "should not be granted," J.A. 708, and Rothschild's founder stated that the Rule 11(b) motion "should be found . . . meritless," J.A. 713. Rothschild's counsel and founder reached those conclusions without examining the purportedly anticipatory prior art references attached to the Safe Harbor Notice. *See* J.A. 708, 712–13. It is unclear how Rothschild's counsel and founder reasonably could assert that ADS's Rule 11(b) Motion would be meritless if they did not assess the prior art that accompanied the Safe Harbor Notice. Once again, the District Court did not address these inconsistent statements in its analysis. *See generally Rothschild*, 2016 WL 3883549.

Rothschild nevertheless asserts that it "brought its claims against ADS in good faith," that its counsel reviewed the prior art and determined that ADS's home security system infringed claim 1 of the '090 patent, and that it continues to believe that the '090 patent is valid.

---

hearing before the District Court, at which it stated that ADS had failed to produce the prior art references. J.A. 1116 (arguing that ADS "still ha[s] not provided evidence to back up" the § 102(a)(1) claims). We consider "a party's new theories, lodged first on appeal," only under rare circumstances, *Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1426 (Fed. Cir. 1997), and Rothschild has not argued that such circumstances exist here, *see generally* Appellee's Br.

Case 2:15-cv-01431-JRG-RSP Document 95-1 Filed 06/05/17 Page 10 of 17 PageID #: 1371

Case: 16-2521  Document: 45-2  Page: 10  Filed: 06/05/2017

10 ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC v.
GUARDIAN PROT. SERVS., INC.

Appellee's Br. 9 (footnote omitted). In support of its position, Rothschild cites its opposition to ADS's Cross-Motion for attorney fees, *id.* at 9 nn. 33–35 (citing J.A. 693), and its Opposition in turn cites the affidavits discussed above, J.A. 693 (citing J.A. 707–08, 712). In his affidavit, Rothschild's counsel asserts that, before filing the lawsuit, he made a "good faith" determination "that the accused [ADS] products infringed at least claim 1" and that he "assisted in preparing a claim chart identifying how the elements of claim 1 of the ['090 patent] read on the products accused of infringement." J.A. 707, 708. Rothschild's counsel also asserts that he "believe[s], in good faith, that the ['090 patent] is valid and infringed." J.A. 708. Rothschild's founder makes a similar statement as to the validity of the '090 patent. J.A. 712.

None of the cited statements assist Rothschild here. In his declaration, Rothschild's counsel states that he "reviewed publicly available information regarding ADS's products and, in good faith, made a determination that the accused products infringed at least claim 1 of the ['090 patent]." J.A. 707. Rothschild's founder makes similar statements in his declaration. *See* J.A. 712. However, neither Rothschild's counsel nor its founder supports their declaration statements with examples of websites, product brochures, manuals, or any other publicly available information that they purportedly reviewed.[6] The conclusory and unsupported statements from Rothschild's counsel and founder that claim 1 of the '090 patent is valid have no evidentiary value. *See Phigenix, Inc. v.*

---

[6] Indeed, Rothschild's counsel conceded during oral argument that the record contains no such foundational evidence. *See* Oral Argument at 15:04–16:30, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2016-2521.mp3.

ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC 11
v. GUARDIAN PROT. SERVS., INC.

*ImmunoGen, Inc.*, 845 F.3d 1168, 1174–75 & n.6 (Fed. Cir. 2017).

### B. The District Court Misjudged Rothschild's Conduct in Other Litigation

ADS next alleges that Rothschild has engaged in vexatious litigation related to the '090 patent. According to ADS, Rothschild has asserted claim 1 of the '090 patent in fifty-eight cases against technologies ranging from video cameras to coffeemakers to heat pumps. Appellant's Br. 9. Further, ADS contends that Rothschild has settled the vast majority, if not all, of these cases for significantly below the average cost of defending an infringement lawsuit. *See id.* at 37–40. The District Court rejected ADS's contention, finding "the fact that a patentee has asserted a patent against a wide variety of defendants and settled many of those cases . . . *does not alone* show bad faith." *Rothschild*, 2016 WL 3883549, at \*3 (emphasis added) (internal quotation marks and citation omitted).

The District Court based this aspect of its analysis on a clearly erroneous assessment of the evidence. The District Court predicated its finding on "the absence of any showing that [Rothschild] acted unreasonably or in bad faith in the context of this suit." *Id.* (footnote omitted). However, as explained above, that ancillary finding improperly rests upon statements from Rothschild's counsel and founder that have no evidentiary value. Therefore, in the absence of evidence demonstrating that Rothschild engaged in reasonable conduct before the District Court, the undisputed evidence regarding Rothschild's vexatious litigation warrants an affirmative exceptional case finding here. *See Newegg*, 793 F.3d at 1350 ("[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district

12 ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC v. GUARDIAN PROT. SERVS., INC.

court's exceptional case determination under § 285."); *see also Eon-Net*, 653 F.3d at 1327 (noting that settlement offers that were "less than ten percent of the cost that [a defendant] expended to defend suit—effectively ensured that [a plaintiff's] baseless infringement allegations remain unexposed").

C. The District Court Improperly Conflated Rule 11 with 35 U.S.C. § 285

Finally, we turn to ADS's argument that the District Court failed to account for the totality of the circumstances by equating Rule 11 to § 285. The District Court held that "§ 285 should [not] be applied in a manner that contravenes the aims of Rule 11—[Rothschild]'s decision to voluntarily withdraw its complaint within the safe harbor period is the type of reasonable conduct [that] Rule 11 is designed to encourage." *Rothschild*, 2016 WL 3883549, at *2. ADS avers that the District Court's analysis "improperly conflat[ed] the provisions of Rule 11 and relief under [§] 285." Appellant's Br. 40.

The District Court erred as a matter of law when, as part of its analysis, it stated that an attorney fee award under § 285 would "contravene[] the aims of Rule 11['s]" safe-harbor provision. *Rothschild*, 2016 WL 3883549, at *2. Whether a party avoids or engages in sanctionable conduct under Rule 11(b) "is not the appropriate benchmark"; indeed, "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Octane Fitness*, 134 S. Ct. at 1756, 1757.

Case 2:15-cv-01431-JRG-RSP Document 95-1 Filed 06/05/17 Page 13 of 17 PageID #: 1374

Case: 16-2521 Document: 45-2 Page: 13 Filed: 06/05/2017

ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC 13
v. GUARDIAN PROT. SERVS., INC.

CONCLUSION

We have considered ADS's remaining arguments (except for those related to its first point) and find them unpersuasive. The District Court on remand shall conduct additional proceedings consistent with this opinion, including those pertaining to the calculation of attorney fees. Accordingly, the Opinion and Order of the U.S. District Court for the Eastern District of Texas is

**REVERSED AND REMANDED**

COSTS

Costs to ADS.

# United States Court of Appeals for the Federal Circuit

_____

**ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC,**
*Plaintiff-Appellee*

v.

**GUARDIAN PROTECTION SERVICES, INC., ALARM SECURITY GROUP, LLC, CENTRAL SECURITY GROUP - NATIONWIDE, INC., GUARDIAN ALARM COMPANY, GUARDIAN OF GEORGIA, INC., DBA ACKERMAN SECURITY SYSTEMS, ICON SECURITY SYSTEMS, INC., MONITRONICS INTERNATIONAL, INC., SLOMIN'S, INC.**
*Defendants*

**ADS SECURITY, L.P.,**
*Defendant-Appellant*
_____

2016-2521
_____

MAYER, *Circuit Judge*, concurring.

I agree with the court's opinion, but write separately because this case also satisfies the Supreme Court's admonition that "a case presenting . . . exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, – U.S. –, 134 S. Ct. 1749, 1757 (2014). Because the infringement complaint filed by Rothschild Connected Devices Innovations, LLC

2      ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC v.
                              GUARDIAN PROT. SERVS., INC.

("Rothschild") was frivolous on its face, the district court abused its discretion in refusing to award attorneys' fees under 35 U.S.C. § 285.

Claim 1 of U.S. Patent No. 8,788,090 patent (the "'090 patent") is directed to the abstract idea of product configuration, reciting "[a] system for customizing a product according to a user's preferences" using "a remote server including a database." '090 patent col.8 ll.66–67. Both the specification and the prosecution history indicate that claim 1 is limited to consumable liquid products. *See, e.g.*, *id.* col.1 ll.21–62; *id.* col.4 ll.40–64; Joint Appendix ("J.A.") 769, 799–804, 821, 846–47. Nonetheless, Rothschild has filed scores of infringement complaints, taking an exceptionally broad view of the scope of its patent and asserting that it covers dozens of seemingly unrelated "products" configured using the Internet. J.A. 99–100, 878. The breadth of technologies that have been accused of infringement is remarkable, including such diverse products as home automation systems, home security systems, door locks, mobile apps, thermostats, digital cameras, irrigation sprinklers, coffeemakers, washers, dryers, baby monitors, air conditioners, microwave ovens, dishwashers, smoke detectors, ceiling fans, window shades, pool heaters, telephones, and horns. *See* J.A. 256–58. Rothschild's continued assertions that its patent extends to products simply because they are configured using the Internet, *see* Brief of Plaintiff-Appellee at 19–21, are risible rather than simply unreasonable.*

---

* *See, e.g.*, Larry Downes, *The 4 Worst Patents of 2015*, Wash. Post, Dec. 14, 2015, https://www.washingtonpost.com/news/innovations/wp/2015/12/14/the-4-worst-patents-of-2015/?utm_term=.4c67935643cf (noting that although the '090 patent is "largely gibberish" and "laughably obvious," Rothschild "is suing everyone who connects something to the Internet").

ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC
v. GUARDIAN PROT. SERVS., INC.

3

In assessing patent eligibility under 35 U.S.C. § 101, "the underlying functional concern . . . is a *relative* one: how much future innovation is foreclosed relative to the contribution of the inventor." *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 88 (2012); *see also Motion Picture Patents Co. v. Universal Film Mfg. Co.*, 243 U.S. 502, 511 (1917) (explaining that "the primary purpose" of the patent system is to promote scientific progress, not to "creat[e] . . . private fortunes for the owners of patents"). The '090 patent falls far beyond the bounds of section 101 because its potential to disrupt future innovation is staggering while its technological contribution is non-existent.

Because section 101 imposes "a threshold test," *Bilski v. Kappos*, 561 U.S. 593, 602 (2010), patent eligibility issues generally can, and should, be resolved at the outset of litigation. Neither nuanced legal analysis nor complex technical inquiry was required to determine that the '090 patent could not be both broad enough to cover the home security products sold by ADS Security, L.P. ("ADS") and narrow enough to withstand subject matter eligibility scrutiny. *See Alice Corp. v. CLS Bank Int'l*, – U.S. –, 134 S. Ct. 2347, 2356–59 (2014) (emphasizing that abstract ideas applied using generic computer components are patent ineligible); *Intellectual Ventures I LLC v. Capital One Bank*, 792 F.3d 1363, 1369 (Fed. Cir. 2015) (concluding that a patent directed to "customizing web page content" based upon "information known about the user" fell outside of section 101).

This suit never should have been filed, and ADS deserves to be fully compensated for the significant attorneys' fees it has incurred. To hold otherwise would only "encourage the litigation of unreasonable [and] groundless claims." *Highway Equip. Co., Inc. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006); *see also Octocom Sys., Inc. v. Hous. Computer Servs., Inc.*, 918 F.2d 937, 943 (Fed. Cir. 1990) ("Where a party blindly disregards long

4      ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC v.
                        GUARDIAN PROT. SERVS., INC.

established authority and raises arguments with no factual foundation . . . the judicial process has not been used, but abused.").