# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | |
| GUARDIAN PROTECTION SERVICES, INC. | § § | 2:15-cv-01431-JRG-RSP **(Lead Case)** |
| ADS SECURITY, LP | § | 2:15-cv-01463-JRG-RSP |
| ALARM SECURITY GROUP, LLC | § | 2:15-cv-01464-JRG-RSP |
| CENTRAL SECURITY GROUP NATIONWIDE, INC. | § | 2:15-cv-01462-JRG-RSP |
| GUARDIAN ALARM COMPANY | § | 2:15-cv-01496-JRG-RSP |
| GUARDIAN OF GEORGIA, INC. D/B/A ACKERMAN SECURITY SYSTEMS | § § | 2:15-cv-01429-JRG-RSP |
| ICON SECURITY SYSTEMS, INC. | § | 2:15-cv-01468-JRG-RSP |
| MONITRONICS INTERNATIONAL, INC. | § | 2:15-cv-01466-JRG-RSP |
| SLOMIN'S, INC. | § | 2:15-cv-01469-JRG-RSP |
| *Defendants*. | | |

## ADS SECURITY, L.P.'S FEE SUBMISSION

Pursuant to the Court's July 19, 2017 Order, Defendant ADS Security, L.P. ("ADS") hereby submits the following concerning the amount of its fees and costs to be awarded under 35 U.S.C. § 285.

A district court calculating reasonable attorneys' fees follows a two-step procedure. First, the court determines the number of hours reasonably expended on the litigation and a reasonable hourly rate for the prevailing party's lawyers. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The

hourly rate and the number of hours are multiplied to determine the "lodestar" amount, a presumptively reasonable fee award. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

As acknowledged by counsel for Plaintiff Rothschild Connected Devices Innovations, LLC ("RCDI") during oral argument before the United States Court of Appeals for the Federal Circuit on May 1, 2017, there is no evidence that could rebut the presumption that ADS' fees are reasonable. *See* Recording of Oral Argument at 22:50-22:56. ("There is nothing in the record that I can point to that's going to say that the amount of fees is unreasonable.") Given the required disclosures, necessary briefing, and appeal work that this case involved, the time spent by ADS's attorneys defending this case is more than reasonable. Further, the attached declaration shows that the hourly rates for ADS's attorneys are below the averages published by the American Intellectual Property Law Association, who conducts a bi-annual economic survey on average hourly rates for intellectual property attorneys.

Further, "[i]n determining the compensatory quantum of an award under Section 285 . . . courts should not be, and have not been, limited to ordinary reimbursement of only those amounts paid by the injured party for purely legal services of lawyers, or precluded from ordinary reimbursement of legitimate expenses defendant was unfairly forced to pay." *See Cleo D. Mathis & Vico Prods. Mfg. Co. v. Spears*, 857 F.2d 749, 754 (Fed. Cir. 1988) *(citing Central Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983)). The Federal Circuit has noted that "Congress expressly limited fee awards to 'exceptional cases' to discourage conduct which fell within the scope of 'exceptional,' by requiring the party acting exceptionally to bear the expenses of the opposing party," and that "[i]t would be inconsistent with the intent of § 285 to limit the prevailing party to something less." *See Cleo D. Mathis & Vico Prods. Mfg.*

*Co. v. Spears*, 857 F.2d 749, 758 (Fed. Cir. 1988) (citing *Central Soya*, 723 F.2d 1573, 1578 (Fed. Cir. 1983)).

Thus, ADS seeks the reasonable fees incurred by ADS (which total $275,349.00) and expenses incurred that have not already been taxed by the United States Court of Appeals for the Federal Circuit (which total $13,562.99). *See* August 23, 2017 Declaration of Nathan J. Bailey, attached as Exhibit A hereto.

So as not to require further unnecessary litigation, ADS seeks the award of fees and expenses to be entered jointly and severally against the entity Rothschild Connected Devices Innovations, LLC, and its sole member Leigh M. Rothschild, as the two are one in the same. *See Rothschild Connected Devices Innovations, LLC v. Garmin International, Inc.*, No. 2:17-cv-00158-JRG-RSP, Dkt. # 11-1, Declaration of Rachael D. Lamkin in Support of Defendant's Motion for Attorneys' Fees and Other Relief, and exhibits thereto, particularly Dkt. #'s 11-3, 11-4, 11-5, 11-7, 11-8, 11-9, 11-10, and 11-12; *see also Rothschild Connected Devices Innovations, LLC v. Garmin International, Inc.*, No. 2:17-cv-00158-JRG-RSP, Dkt. 14-5, Declaration of Leigh Rothschild, ¶ 17; *see also* I*ris Connex, LLC v. Dell, Inc.*, No. 2:15-cv-1915-JRG, 2017 U.S. Dist. LEXIS 10146, at *27-28 (E.D. Tex. Jan. 25, 2017) (noting that "any requirement that a second lawsuit must be filed to reach the real actor runs counter to the congressional intent and the clear purpose behind Section 285" and that "the statutory text, current case law, and statutory purpose behind the Patent Act and Section 285 all support assessing direct Section 285 liability against non-parties, so long as (1) the actor is responsible for conduct that makes the case exceptional, (2) the actor is afforded due process, and (3) it is equitable to do so.").

A Proposed Order is attached hereto.

Dated: August 23, 2017

Respectfully submitted,

/s/ Nathan J. Bailey
Nathan J. Bailey (TN BPR # 026183)
Matthew C. Cox (TN BPR # 028212)
WALLER LANSDEN DORTCH & DAVIS, LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN  37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Nate.Bailey@wallerlaw.com
Matt.Cox@wallerlaw.com

*Attorneys for ADS Security, L.P.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 23, 2017 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF filing system per Local Rule CV-5(a)(3).

/s/Nathan J. Bailey
Nathan J. Bailey

4853-1260-1165.2