THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| GUARDIAN PROTECTION SERVICES, INC. | § § | 2:15-cv-01431-JRG-RSP **(Lead Case)** |
| ADS SECURITY, LP | § | 2:15-CV-01463-JRG-RSP |
| ALARM SECURITY GROUP, LLC | § | 2:15-cv-01464-JRG-RSP |
| CENTRAL SECURITY GROUP NATIONWIDE, INC. | § | 2:15-cv-01462-JRG-RSP |
| GUARDIAN ALARM COMPANY | § | 2:15-cv-01496-JRG-RSP |
| GUARDIAN OF GEORGIA, INC. D/B/A ACKERMAN SECURITY SYSTEMS | § § | 2:15-cv-01429-JRG-RSP |
| ICON SECURITY SYSTEMS, INC. | § | 2:15-cv-01468-JRG-RSP |
| MONITRONICS INTERNATIONAL, INC. | § | 2:15-cv-01466-JRG-RSP |
| SLOMIN'S, INC. | § | 2:15-cv-01469-JRG-RSP |
| Defendants. | | |

**ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC'S REPSONSE TO DEFENDANT'S FEE SUBMISSION**

I.   **Introduction**

ADS filed its Fees Submission Brief on August 23, 2017. RCDI respectfully responds and submits that the Court should deny any award of fees. Should the Court determine that this is an exceptional case under Section 285, RCDI respectfully requests that the Court nevertheless award no fees. Alternatively, RCDI respectfully requests that any fee award be limited in scope to the time period from the filing of the Complaint to the dismissal of the Complaint.

After this Court originally denied ADS' request for fees, ADS appealed to the U.S. Court of Appeals for the Federal Circuit. The Federal Circuit reversed and remanded for "***additional***

*proceedings consistent with this opinion*, including those pertaining to the calculation of fees." *Rothschild Connected Devices Innovations. LLC v. Guardian Protection Services, Inc.*, 858 F.3d 1383, 1396 (Fed. Cir. 2017). (Emphasis added). The Federal Circuit found the District Court's original denial of fees was an abuse of discretion based on three issues: (1) RCDI's supposed "willful ignorance of the prior art," (2) RCDI's prior lawsuits, and (3) a perceived failure by the District Court to "consider the totality of the circumstances." *Rothschild Connected Devices Innovations. LLC v. Guardian Protection Services, Inc.*, 858 F.3d 1383, 1390 (Fed. Cir. 2017). Regardless of the Federal Circuit's holdings with respect to these issues, the opinion clearly contemplates that the District Court may reconsider ADS's fee motion in view of the issues raised by the Federal Circuit, and that the District Court may reach its own determination as to whether the case is exceptional and whether any fees should be awarded. RCDI respectfully submits that even in view of these issues, the proper finding is that this case should be determined as "not exceptional" and that no fees should be awarded. Such a finding is warranted by the factors associated with fee determinations and the totality of the circumstances, and is not inconsistent with the Federal Circuit's opinion.

Alternatively, should the Court determine that, upon reexamination of the record in light of those issues raised by the Federal Circuit, the case is indeed exceptional, RCDI respectfully requests that the Court award no attorney fees. At most, any fee award should be limited to the time period before the Complaint was dismissed. Either of these findings would likewise be consistent with the Federal Circuit's opinion.

## II. A Finding on Remand that this Case is Not Exceptional is Warranted and is Consistent with the Federal Circuit's Opinion

The Federal Circuit's remand allows for "further proceedings" and does not preclude a finding by this Court that the case should not be found exceptional, even in view of those issues

raised by the Federal Circuit. This Court previously determined that the case is not exceptional and that no fees should be awarded. That finding was, and still is, correct. Although the Federal Circuit determined that there was an abuse of discretion, this Court may reconsider Defendant's fees motion and still determine that the case is not exceptional and that no fees should be awarded.

The first issue raised by the Federal Circuit concerns prior art references raised by Defendant. As this Court previously determined, the only prior art that was brought to Plaintiff's attention prior to the filing of the Complaint was a single reference raised by a third party. Plaintiff has previously attested that although it reached no validity conclusions based on that reference (or any of the other references raised by Defendant subsequently), it did in fact consider the references. The Federal Circuit's issue with respect to prior art appears to be based on a perceived incongruity between Plaintiff's declarations regarding the prior art and Plaintiff's position that it had a good faith basis for believing the patent-in-suit to be valid. *Rothschild Connected Devices Innovations. LLC v. Guardian Protection Services, Inc.*, 858 F.3d 1383, 1391-1392 (Fed. Cir. 2017). The Federal Circuit deemed that the District Court should have addressed the apparent inconsistency *Rothschild Connected Devices Innovations. LLC v. Guardian Protection Services, Inc.*, 858 F.3d 1383, 1392 (Fed. Cir. 2017). Plaintiff respectfully submits that this issue was addressed in the original briefing on the fee issue and at the hearing held by this Court, as well as in the Court's Memorandum and Opinion. This Court determined that Defendant presented no evidence that Plaintiff should have been aware of the 14 references that Defendant relies on concerning validity *Rothschild Connected Devices Innovations, LLC v. Guardian Protection Services, Inc.*, No. 2:15-cv-1431-JRG-RSP, WL 3883549, 5 (E.D.T.X. July 18, 2016) or why a pre-suit investigation would indicate that the patent-in-suit is invalid in view of the references. *Rothschild Connected Devices Innovations, LLC v. Guardian Protection Services, Inc.*, No. 2:15-cv-1431-JRG-RSP, WL

3883549, 5 (E.D.T.X. July 18, 2016).  Moreover, this issue, as framed by both Defendant and the Federal Circuit, really only concerns a single reference.   And, as Plaintiff pointed out at the fees hearing, Plaintiff did not willfully ignore any cited prior art.  Rather, at the time of the Complaint, Plaintiff "had not analyzed the prior art references to make a determination regarding validity.  Plaintiff's counsel and its principal looked at the references, however, on a preliminary basis and reached no conclusion that they invalidated the patent." *See Hearing Transcript, March 18, 2016, 8:15-8:18*.  As further evidence of Plaintiff's good faith belief in the validity of the patent-in-suit, Plaintiff properly relied on a presumption of validity, it fully briefed the Section 101 issue raised by Defendant and, at the relevant time period during this litigation, was defending its patent in two IPR proceedings.  Plaintiff also hired an expert to analyze the patent-in-suit and submit a declaration concerning his findings.  Plaintiff respectfully submits that it would not be inconsistent with the Federal Circuit's opinion for this Court to reconsider the prior art issue and determine that Plaintiff's conduct regarding prior art was both reasonable and typical.  There is nothing about Plaintiff's treatment of a single pre-Complaint prior art reference that sets this case apart from others.  Therefore, this Court's original determination that this is not an exceptional case should not change even given the prior art issue raised by the Federal Circuit.

      The second issue raised by the Federal Circuit concerns RCDI's other lawsuits prior to the filing of the Complaint in this case.  This Court determined that the other lawsuits alone did not show bad faith. The Federal Circuit stated that this aspect of the District Court's analysis was based on a clearly erroneous assessment of the evidence.  Rothschild Connected Devices Innovations. LLC v. Guardian Protection Services, Inc., 858 F.3d 1383, 1394 (Fed. Cir. 2017).  The Federal Circuit appears to take the position that there was no evidence that Plaintiff acted in good faith in filing the other lawsuits.  First, Plaintiff respectfully submits that it is the Defendant's burden to

demonstrate that conduct in related lawsuits evidences bad faith. Second, Plaintiff did provide evidence of good faith in the Complaints themselves, the preliminary infringement contentions and other filings in the related lawsuits, and in the declarations of Plaintiff and its counsel. Third, these other cases do not prove Plaintiff attempted to avoid a decision on the merits because Plaintiff litigated the validity of certain claims of the patent-in-suit to a final decision. See *RPX Corporation v. Rothschild Connected Devices Innovations, LLC*, PTAB-IPR2016-00443. Although the Federal Circuit took the position that an exceptional case finding was warranted on this issue, it did not – and could not – mandate such a finding. Plaintiff respectfully submits that this Court may reconsider this issue and, particularly based on the totality of the circumstances as a whole, still reach a determination that this is not an exceptional case. Such a determination would not be inconsistent with the Federal Circuit's opinion.

The third issue raised by the Federal Circuit concerns the "totality of the circumstances." Specifically, the Federal Circuit opined that this Court improperly equated Rule 11 with Section 285. Rothschild Connected Devices Innovations. LLC v. Guardian Protection Services, Inc., 858 F.3d 1383, 1395 (Fed. Cir. 2017). Plaintiff respectfully submits that both the hearing transcript and the Court's Memorandum Opinion and Order clearly demonstrate a proper distinction between the two legal concepts. For example, in its decision on the fees motion, this Court specifically recognized that "[i]t is well-settled that '[m]otions under Rule 11 and § 285 are different' and that § 285 does not include a safe harbor provision." *Rothschild Connected Devices Innovations, LLC v. Guardian Protection Services, Inc.*, No. 2:15-cv-1431-JRG-RSP, WL 3883549, 13 (E.D.T.X. July 18, 2016). Plaintiff understands this Court's position that Plaintiff's dismissal in connection with the Rule 11 motion did not moot the Section 285 issue; rather, Plaintiff's conduct in connection with the Rule 11 motion simply weighed against a finding that Plaintiff litigated the

case in an unreasonable manner. The Federal Circuit's opinion appears to take issue with the premise that Section 285 should not be applied in a manner that contravenes the aims of Rule 11. *Rothschild Connected Devices Innovations. LLC v. Guardian Protection Services, Inc.*, 858 F.3d 1383, 1396 (Fed. Cir. 2017). Plaintiff respectfully submits that even if this premise is removed from the analysis, this Court may – and should – determine that the totality of the circumstances dictate against a finding that the case is exceptional. Such a determination is supported by Plaintiff's positive conduct including dismissing the case in response to the Rule 11 motion, fully briefing the Section 101 issue, and generally refraining from any conduct that would set this case apart from others. Such a finding would also be supported by Defendant's own conduct including its mudslinging concerning the patent-in-suit. Even given the distinction between Rule 11 and Section 285, it would be entirely consistent with the Federal Circuit's opinion for this Court to determine that there is nothing about the totality of the circumstances that makes this an exceptional case.

### III.   If the District Court Determines that this Case is Exceptional, the Award Can Still be Zero

Plaintiff respectfully submits that the Court can, and should, determine that this is not an exceptional case. This determination is supported by the relevant factors and would not be inconsistent with the Federal Circuit's opinion. Nevertheless, if the Court finds that this is an exceptional case, Plaintiff respectfully requests that no fees be awarded. After a district court finds a case "exceptional," it still must decide whether an award of attorney fees is appropriate and, if so, the amount of attorney fees to award. See *ICON Health & Fitness, Inc. v. Octane Fitness, LLC*, 576 F. App'x 1002, 1005 (Fed. Cir. 2014) (on remand) (noting Supreme Court's *Octane* decision "did not . . . revoke the discretion of a district court to deny fee awards even in exceptional cases"). Section 285 provides that "[t]he court in exceptional cases ***may*** award reasonable attorney

fees to the prevailing party." See *S.C. Johnson & Son, Inc. v. Carter–Wallace, Inc.*, 781 F.2d 198, 201 (Fed.Cir.1986); see also *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1215 (Fed.Cir.1987) ("After the district court determines that a case is exceptional, there remains in every case its freedom to exercise its discretion informed by the court's familiarity with the matter in the litigation and the interest of justice." (internal quotations omitted)). Because § 285 commits the determination whether a case is exceptional to the discretion of the district court, district courts should have discretion in all aspects of [the] § 285 determination. *Highmark Inc. v. Allcare Health Management System, Inc.*, 134 S.Ct., 1744, 1748–49 (2014). Determining whether attorney fees should be awarded involves considering the totality of the circumstances as a whole. *Stragent, LLC v. Intel Corp.*, No. 6:11-CV-421, 2014 WL 6756304, *6. The predominant factors that should be considered are those set out in *Brooks Furniture* including bad faith litigation, objectively unreasonable positions, inequitable conduct before the PTO, litigation misconduct, and (in the case of an accused infringer) will infringement. *Id*. (citing *Octane*, 134 S. Ct. at 1756). Clearly, Section 285 contemplates that not only is the determination of whether a case is exceptional a matter of discretion for the judge, the award of fees, even in an exceptional case, is likewise a matter of discretion. Plaintiff respectfully points to absence of the *Brooks Furniture* factors, as well as the totality of circumstances in this case, and asks that the Court determine that no fees be awarded even if the case is found to be exceptional.

**IV.    If the District Court Determines that this Case is Exceptional, and that Fees Should Be Awarded, the Fees Should Be Limited to Those Before the Lawsuit was Dismissed**

If fees are awarded at all, they should be limited to those fees incurred prior to the case being dismissed on January 21, 2016 (Dkt. 58). ADS originally demanded $43,330 in fees, which was purported to be the fees it incurred through preparation of its Rule 11 motion. (*See* Attachment A to Johnson Declaration in support of Plaintiff's opposition to Defendant's original

fee motion). From its Fee Submission brief, it appears that Defendant is now seeking approximately $87,000 in fees for this same work. Additionally, Defendant appears to be seeking an additional $189,000 in fees and costs for the time period after the dismissal of the lawsuit.

Plaintiff believed at the time, and continues to believe, that this case is not exceptional. And, the Court originally agreed. Plaintiff had no reasonable choice under the circumstances other than to oppose Defendant's fee motion as well as its appeal on the denial of fees. Even if Plaintiff's conduct was found to be so egregious so as to warrant a finding of an exceptional case, fees awarded (if any) should be limited to the time prior to the dismissal. This Court agreed that Plaintiff's conduct was not exceptional and there is nothing whatsoever to indicate that Plaintiff's conduct after the dismissal was unreasonable. Particularly because the original determination was that fees should be denied, Plaintiff had no choice but to continue to oppose Defendant's bid for fees.

## V.  Conclusion

Reconsideration of Defendant's fees motion is not precluded by the Federal Circuit's opinion. Indeed, that is precisely what the opinion calls for. Even in view of the issues raised by the Federal Circuit, based on the relevant factors and the totality of the circumstances, it should still be determined that this case is not exceptional. And, even if it is determined that the case is exceptional, no fees should be awarded. Finally, if the Court determines that fees should be awarded, then those fees should be limited to the period prior to the dismissal of the lawsuit. Any of these findings would be consistent with the Federal Circuit's opinion.

Dated: September 20, 2017

Respectfully submitted,

*/s/ Jay Johnson*
**JAY JOHNSON**
State Bar No. 24067322
**BRAD KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON PLLC**
1910 Pacific Ave., Suite 13000
Dallas, TX 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
brad@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 20, 2017.

*/s/ Jay Johnson*
Jay Johnson