# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, | § § § | |
| | § | Case No. 2:15-CV-01431-JRG-RSP (Lead) |
| v. | § § | Case No. 2:15-CV-01463-JRG-RSP (Member) |
| ADS SECURITY, L.P. | § § | |

## MEMORANDUM ORDER

This case returns to the Court on remand from ADS Security, L.P.'s ("ADS") appeal to Court of Appeals for the Federal Circuit. *See Rothschild Connected Devices v. Guardian Protec.*, 858 F.3d 1383 (Fed. Cir. 2017). The Court of Appeals determined that this case should have been declared exceptional under 35 U.S.C. § 285 and remanded the case to this Court for a calculation of attorneys' fees to be taxed against Rothschild Connected Devices Innovations, LLC ("Rothschild").

Shortly after the remand, this Court ordered ADS to submit a full accounting of fees and costs sought under § 285 and afforded Rothschild a chance to respond. *See* Dkt. 97. ADS's submission accounts for and requests $288,911.99 in attorneys' fees. Rothschild does not dispute that the number of hours worked or the hourly rates are reasonable. Rather, Rothschild continues to argue that the case is not exceptional—a conclusion that, according to Rothschild, has not been foreclosed by the Court of Appeals' mandate. In addition, Rothschild disputes the time period during which any fees should be assessed.

Rothschild's argument regarding whether the case is exceptional is clearly foreclosed by any fair reading of the opinion of the Court of Appeals. The Court of Appeals *reversed*—as opposed to vacated—this Court's judgment, and within that judgment was a determination that the case against ADS was not exceptional. An attorneys' fees assessment under § 285 involves two

1

questions, first whether the case is exceptional, and second whether fees should be awarded and if so, in what amount. *See Special Devices*, 269 F.3d at 1344. The Court of Appeals disagreed with this Court's first step in the analysis concerning exceptionality. As a result, the only possible conclusion is that this case is exceptional, leaving calculation of fees as the only matter to be assessed on remand. The panel expressly stated, "The District Court on remand shall conduct additional proceedings consistent with this opinion, *including those pertaining to the calculation of attorney fees*." *Rothschild*, 858 F.3d at 1390 (emphasis added).

The Court therefore rejects Rothschild's argument that finding the case not exceptional would be "consistent with the Federal Circuit's opinion." *See* Dkt. 101 at 1. Similarly, Rothschild's argument that a fee award should be zero is not persuasive. ADS does not argue that any fees claimed are associated with unreasonable time or an unreasonable hourly rate.

The only dispute regarding the amount of fees to be awarded is the time period during which fees should be assessed. During oral argument on appeal, the panel acknowledged that there is "nothing in the record" supporting an argument that the amount ADS's fees is unreasonable. *See* Oral Argument Tr. at 22:50-22:56. Rothschild's argument is that fees should only be awarded to the extent they were incurred prior to the case being dismissed on January 21, 2016. This argument is not persuasive. As the Supreme Court recently explained, a court's fee shifting authority is constrained by principles of causation, much like the constraint on compensatory damages. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187 (2017). "Compensation for a wrong, after all, tracks the loss resulting from that wrong." *Id.* at 1186. After Rothschild's case was dismissed, ADS's efforts focused exclusively on seeking attorneys' fees, both at this Court and at the Court of Appeals. The fees associated with those efforts would never have been incurred if ADS had not filed this lawsuit. *See Rothschild*, 858 F.3d at 1391 (Mayer, J., concurring) ("This

suit never should have been filed, and ADS deserves to be fully compensated for the significant attorneys' fees it has incurred.").

In sum, and on this record, the Court should award ADS the full amount of fees it seeks. Having reviewed ADS's proposed fees and costs, the Court finds that the number of hours expended and the hourly rates are reasonable. Rothschild does not seriously dispute the reasonableness of ADS's time or hourly rates. The Court will therefore not reduce the fee award.

Finally, ADS asks the Court to find Rothschild and its sole member, Leigh M. Rothschild, jointly and severally liable for the fees award because the two entities are "one in the same." Dkt. 100 at 3. There is insufficient evidence, however, that the Rothschild corporate entity will be unable to pay the fee award, and the record is not sufficient at this point to reach through the corporate entity to the sole proprietor. Fees will therefore be taxed only against the Rothschild corporate entity.

Accordingly,

It is **ORDERED** that Rothschild Connected Devices Innovations, LLC ("Rothschild") shall pay ADS (through its counsel of record) attorneys' fees and costs in the amount of **$288,911.99**. Payment shall be made no later than **30 days** from the date of this Order, and Rothschild shall promptly notify the Court when payment has been made.

**SIGNED this 8th day of November, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE