UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ADS SECURITY, L.P.,<br><br>Defendant. | Case No. 2:15-CV-01431-JRG-RSP (Lead)<br><br>Case No. 2:15-cv-01463-JRG-RSP (Member) |

### MOTION FOR ORDER TO SHOW CAUSE

ADS Security, L.P. ("***ADS***"), by and through its undersigned counsel, files this motion seeking entry of an order to show cause why (a) Rothschild Connected Devices Innovations, LLC ("***RCDI***") has failed to comply with this court's *Memorandum Order* (Dkt. No. 104) (the "***Fee Order***") and (b) Leigh M. Rothschild ("***Mr. Rothschild***") should not be held jointly and severally liable with RCDI. In support of this motion, ADS respectfully states as follows:

#### RELEVANT BACKGROUND

1. After the Court of Appeals for the Federal Circuit determined this case should have been declared exceptional under 35 U.S.C. § 285 and subsequent remand to this court, ADS caused to be filed *ADS Security, L.P.'s Fee Submission* (Dkt. No. 100) (the "***Fee Submission***"), on August 23, 2017.

2. As part of the Fee Submission, ADS requested that this court hold Mr. Rothschild jointly and severally liable with RCDI:

> So as to not require further unnecessary litigation, ADS seeks the award of fees and expenses to be entered jointly and severally against the entity Rothschild Connected Devices Innovations, LLC, and its sole member Leigh M. Rothschild, as the two are one in the same.

4847-0184-6122.1

(Fee Submission, at 3.)

3. On November 8, 2017, this court entered the Fee Order:

> It is **ORDERED** that Rothschild Connected Devices Innovations, LLC ("Rothschild") shall pay ADS (through its counsel of record) attorneys' fees and costs in the amount of **$288,911.99**. Payment shall be made no later than **30 days** from the date of this Order, and Rothschild shall promptly notify the Court when payment has been made.

(Dkt. No. 104, at 3 (emphases in original).)

4. Further, this court declined ADS's request to hold Mr. Rothschild jointly and severally liable for the fees and expenses:

> There is insufficient evidence, however, that the Rothschild corporate entity will be unable to pay the fee award, and the record is not sufficient at this point to reach through the corporate entity to the sole proprietor. Fees will therefore be taxed only against the Rothschild corporate entity.

(Dkt. No. 104, at 3.)

5. Long after the expiration of the thirty (30) days to pay, ADS caused to be served upon RCDI *ADS Security L.P.'s First Set of Interrogatories Propounded on Rothschild Connected Devices Innovations, LLC* (the "**Interrogatories**") and *ADS Security, L.P.'s First Set of Requests for the Production of Documents and Things Propounded on Rothschild Connected Devices Innovations, LLC* (the "**Requests for Production**"), on February 28, 2018.

6. In response to an interrogatory inquiring as to the assets of RCDI, RCDI represented that its assets consist of three patents, one patent application, and five dollars ($5).[1]

7. As of the date of this motion, RCDI has failed to comply with the Fee Order, as RCDI has neither paid the amount directed to be paid—RCDI has paid zero dollars to date—nor has RCDI made any notification to this court.

---

[1] It should be noted that each and every patent and patent application was assigned to RCDI by Mr. Rothschild.

## ARGUMENT

8. Based upon the foregoing, this court should enter an order directing RCDI and Mr. Rothschild to appear and show cause why: (a) RCDI has failed to comply with the Fee Order; and (b) why Mr. Rothschild should not be held jointly and severally liable for the amounts due and owing to ADS.

### I. RCDI must show cause why it has failed to comply with the Fee Order.

9. As an initial matter, the Fee Order is a clear and unequivocal order of this court for RCDI to take certain, specified actions—namely, to pay an amount certain to ADS and notify this court when such payment has been made.

10. As of the date of this motion, RCDI has failed to comply with the Fee Order and should be required to show cause for such failure.

### II. Mr. Rothschild should be jointly and severally liable.

11. Generally speaking, members of a limited liability company are not liable for the debts, obligations, or liabilities of the limited liability company. *See* Tex. Bus. Orgs. Code Ann. § 101-114.

12. However, where the corporate form has been used as part of an unfair device to achieve an inequitable result, Texas courts have disregarded the corporate form and pierced the corporate veil. *See McCarthy v. Wani Ventures, A.S.*, 251 S.W.3d 573, 590–91 (Tex. App. 2007) (discussing application of corporate veil piercing principals to limited liability companies).

13. Moreover, a corporate entity's agent is personally liable for his own tortious conduct, even when acting within the course and scope of his employment. *Sanchez v. Mulvaney*, 274 S.W.3d 708, 712 (Tex. App. 2008) (citing *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002); *Cimarron Hydrocarbons Corp. v. Carpenter*, 143 S.W.3d 560, 564 (Tex. App. 2004); *Gore v. Scotland Golf, Inc.*, 136 S.W.3d 26, 32 (Tex. App. 2003)).

14. Likewise, under Texas law, a corporate officer may be liable for the tortious conduct of the corporate entity where the corporate officer knowingly participates in the conduct or has either actual or constructive knowledge of the tortious conduct. *Lincoln Gen. Ins. Co. v. U.S. Auto Ins. Servs.*, 809 F. Supp. 2d 582, 596 (N.D. Tex. 2011) (citing cases).

15. Here, Mr. Rothschild is the managing member of RCDI.

16. Moreover, Mr. Rothschild is the ***only*** member of RCDI.

17. Therefore, RCDI was at all times acting at the direction and under the control of Mr. Rothschild; and, Mr. Rothschild unquestionably had actual knowledge of RCDI's conduct, which was ultimately determined to be tortious under 35 U.S.C. § 285.

18. And, Mr. Rothschild employed RCDI as an instrument to conduct tortious actions—namely, the filing of patent prosecution actions in bad faith. *See Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs.*, 858 F.3d 1383, 1388 (Fed. Cir. 2017) (noting willful ignorance of prior art); *id.* at 1389–90 (noting pattern of vexatious litigation); *id.* at 1396 (stating "the undisputed evidence regarding Rothschild's vexatious litigation warrants an affirmative exceptional case finding").

19. Based upon the foregoing, and given consideration to RCDI's inability to comply with the Fee Order, this court should require Mr. Rothschild to appear and show cause why Mr. Rothschild, as the sole member of RCDI and active participant in this case, should not be held jointly and severally liable under the Fee Order.

## CONCLUSION

20. Based upon the foregoing, ADS respectfully submits that a show cause order is warranted.

WHEREFORE, ADS respectfully requests that this court enter an order, substantially in the form as **Exhibit A**, (a) directing RCDI to show cause why it has failed to comply with the

Fee Order, (b) directing Mr. Rothschild to show cause why he should not be held jointly and severally liable for the amounts awarded under the Fee Order, and (c) granting such other and further relief as this court deems just and proper.

Dated: June 27, 2018                                        Respectfully submitted,

                                                                         _/s/ Blake D. Roth_
                                                                         Blake D. Roth
                                                                         Matthew C. Cox
                                                                         **Waller Lansden Dortch & Davis, LLP**
                                                                         511 Union Street, Suite 2700
                                                                         Nashville, Tennessee 37219
                                                                         Telephone:   615.244.6380
                                                                         Facsimile:    615.244.6804
                                                                         Email: blake.roth@wallerlaw.com
                                                                                 matt.cox@wallerlaw.com

_Attorneys for ADS Security, L.P._

### CERTIFICATE OF CONFERENCE

The undersigned certifies that counsel has complied with the meet and confer requirements in Local Rule CV-7(h). This motion is _opposed_.

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on June 27, 2018, to all counsel of record who are deemed to have consented to electronic service via the court's CM/ECF system, pursuant to Local Rule CV-5(a)(3).

                                                                         _/s/ Blake D. Roth_
                                                                         Blake D. Roth