IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>ADS SECURITY, L.P.,<br><br>*Defendant*. | Case No. 2:15-CV-01431-JRG-RSP<br>(LEAD CASE)<br><br>Case No. 2:15-CV-01463-JRG-RSP<br>(MEMBER CASE) |

## ORDER

Defendant ADS Security, L.P. moves for leave [Dkt. No. 117] to amend its Answer, Affirmative Defenses, and Counterclaims [Dkt. No. 16]. After reviewing the parties' submissions and the relevant legal authorities, the Court **GRANTS** ADS Security's' motion.

## BACKGROUND

Plaintiff Rothschild Connected Devices Innovations, LLC ("RCDI") filed its complaint against ADS Security on August 26, 2015 alleging infringement of U.S. Patent No. 8,788,090 (the "'090 Patent"). [Dkt. No. 1 in Case No. 2:15-cv-1463]. On November 19, 2015, ADS Security filed its Answer, Affirmative Defenses, and Counterclaims [Dkt. No. 16], asserting, *inter alia*, a counterclaim against RCDI for an award of attorneys' fees and costs under 35 U.S.C. § 285.

RCDI then moved to dismiss ADS Security with prejudice. [Dkt. No. 58]. ADS Security responded in opposition to RCDI's motion dismiss and also moved for attorneys' fees under § 285. [Dkt. No. 59]. In responding to ADS Security's motion for attorneys' fees, RCDI attached Leigh M. Rothschild's declaration, whereby Rothschild swore that he was the founder of RCDI and that he personally analyzed the patent claims before filing suit against ADS Security. [Dkt. Nos. 60 and 60-3]. The Court dismissed ADS Security with prejudice, dismissed ADS Security's

1

counterclaims without prejudice, and denied ADS Security's motion for attorneys' fees under § 285. [Dkt. Nos. 83 and 89].

ADS Security then appealed the denial of its § 285 attorneys' fees counterclaim. [Dkt. No. 90]. The Federal Circuit reversed the denial and the matter was remanded to this Court. Thereafter, ADS Security asked the Court to grant its attorneys' fees award jointly and severally against RCDI and its sole member, Rothschild. [Dkt. No. 100]. The Court ordered RCDI to pay $288,911.99 in attorneys' fees and costs to ADS Security by December 8, 2017, but declined to hold Rothschild jointly and severally liable for the attorneys' fees award. [Dkt. No. 104]. Apparently, RCDI never paid the attorneys' fees award.

Thereafter, ADS Security moved for an order to show cause as to why RCDI failed to pay the attorneys' fees award and why Rothschild should not be held jointly and severally liable with RCDI. [Dkt. No. 107]. The Court held a hearing on the matter on January 16, 2019. Now, ADS Security moves to amend its counterclaims to add Rothschild as a counterclaim-defendant. [Dkt. No. 117].

## DISCUSSION

Federal Rule of Civil Procedure 15 provides that beyond the time for amendment as of right, a party may amend its pleadings only with the opposing party's written consent or the court's leave, and that leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fifth Circuit has held that Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order's deadline to amend has expired. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (citing *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). Rule 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, for post-deadline

amendments, a party "'must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend.'" *Fahim*, 551 F.3d at 348 (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)). In determining whether a party seeking leave to amend has good cause for not meeting deadline set by the scheduling order, the court considers four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Sw. Bell Tel.*, 346 F.3d at 546.

Here, ADS Security seeks leave to amend its counterclaims to add Rothschild as a counterclaim-defendant, arguing that Rothschild "was at all times the individual directing RCDI's actions in commencing and prosecuting this case." [Dkt. No. 117]. ADS Security contends that Rothschild is the only member of RCDI and is the inventor of the '090 Patent, and that Rothschild created RCDI to serve as a shell company for filing and prosecuting patent claims. *Id.* Apparently, RCDI's assets are limited to three patents, one patent application, and a deposit account containing five dollars, with a possibility of royalties stemming from a patent infringement case in the Northern District of Georgia. [Dkt. No. 108]. RCDI opposes the amended counterclaim on the grounds that it resulted from undue delay, will increase expenses, and prejudices RCDI. [Dkt. No. 119]. RCDI argues that ADS Security never sought to add Rothschild throughout the course of the litigation until the January 2019 hearing before the Court. *Id.* The Court does not find the motion untimely.

The Court has considered the Fifth Circuit's factors in determining if good cause exists to allow ADS Security to amend its counterclaims. The first factor weighs heavily in favor of ADS

Security, as ADS Security previously asked the Court to grant its attorneys' fees award jointly and severally against RCDI and Rothschild. [Dkt. No. 100]. That request was denied at that time. ADS Security raised the issue again only after RCDI failed to pay the § 285 attorneys' fees award. The second factor weighs in favor of ADS Security because the amendment would allow ADS Security to pursue its attorneys' fees award from Rothschild, as RCDI admits that it "does not have the ability to the fee award to ADS [Security]". [Dkt. No. 108]. The third and fourth factors weigh in favor of ADS Security because RCDI would not suffer prejudice –the amended counterclaim does assert any new claims against RCDI that have not already been resolved by this Court.

## CONCLUSION

If there is truly any delay on the part of ADS Security in amending its counterclaims, it only resulted from good cause. The Court therefore **GRANTS** ADS Security's motion for leave [Dkt. No. 117] to amend its Answer, Affirmative Defenses, and Counterclaims. ADS Security's Amended Answer, Affirmative Defenses, and Counterclaims [Dkt. No. 118] is deemed filed as of February 8, 2019.

**SIGNED this 11th day of March, 2019.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE