IN THE UNITED STAES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED<br>DEVICES INNOVATIONS, LLC | §<br>§<br>§<br>§ | |
| V. | § | C.A. NO. 2:15-CV-01431-JRG-RSP |
| | § | JURY |
| ADS SECURITY L.P. | §<br>§ | |

**LEIGH ROTHSCHILD 12(b) MOTIONS AND ANSWER SUBJECT TO**

**I.**

**INTRODUCTION**

1.1.   LEIGH ROTHSCHILD (ROTHSCHILD) files these 12(b) Motions pursuant to FRCP 12(b)(2), and 12(b)(4)&(5); and Answers subject to.  Attached as Exhibit A is a true and correct copy of a summons and counter-claim with envelope. (Document 124 & 118).   This was left in Mr. Rothschild's mailbox at his home in Florida.   He did not sign the post office "green card".  As further set forth below, Mr. Rothschild is a resident of Florida and does not have sufficient minimum contacts with Texas for this court to have personal jurisdiction and service of process upon Mr. Rothschild was insufficient.

**II.**

**ROTHSCHILD 12(b)(2) MOTION**

2.1.   Rothschild has insufficient contacts with Texas to justify this court's exercise of jurisdiction over his person or individual property.  FRCP 12(b)(2).   The court's exercise of jurisdiction will violate due process because (1) maintaining the suit in Texas will offend traditional notions of fair play and substantial justice and (2) maintaining the suit in the forum

state will offend traditional notions of fair play and substantial justice. <u>World Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 291-92 (1980). The Affidavit of Leigh Rothschild attached hereto as Exhibit B supports this Motion. In addition, Leigh Rothschild requests an evidentiary hearing before the District Judge (he does not consent to proceed before the Magistrate) at a time and place designated by the court and after necessary discovery if necessary. <u>Dorchester Fin. Sercs., Inc. v. Banco BRJ, S.A.</u>, 722 F.3d 81, 86-87 (2d Cir. 2013).

2.2. This Court is fully aware of the law surrounding personal jurisdiction over an individual defendant. Mr. Rothschild does not have minimum contacts with Texas. The Due Process Clause requires that Mr. Rothschild must have purposefully avail himself of the benefits and protections of the state's laws by establishing "minimum contacts" with the state. <u>International Shoe Co. v. Washington</u>, 326 U.S. 310k 316 (1945). The courts have developed a five-factor test to evaluate whether a defendant's actions are sufficient to support personal jurisdiction: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) Texas' interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties. <u>Myers v. Casino Queen, Inc.</u>, 689 F.3d 904, 911 (8th Cir. 2012).

2.3 ADS alleges that Mr. Rothschild has submitted to personal jurisdiction in this Court, by directing and participating in this case in this Court. Document 118 at para. 8. It has not alleged any other issues of specific jurisdiction or general jurisdiction. When examining the issue of personal jurisdiction the court must look at the facts alleged by the Plaintiff/Movant to determine personal jurisdiction. <u>Monscrief Oil Int'l v. OAO Gazprom</u>, 481 F.3d 309,311 (5th Cir. 2007)(A court has specific jurisdiction if the defendant committed an act in the forum state and that act is substantially related to the suit.)

2.4.    Mr. Rothschild is the sole member of Rothschild Connected Devices Innovations, LLC. (RCDI). He has never been a party to this suit. RCDI brought this suit in its name only. It retained counsel in its name only. Any actions by Mr. Rothschild were done so as an officer of RCDI and not in any individual capacity. RCDI maintains separate back accounts and records from Mr. Rothschild. Had an office in Texas that it leased in its name, not Mr. Rothschild. All corporate formalities were maintained by RCDI according to Texas Corporate Law. ABS has not alleged any facts, evidence or sound allegation that Mr. Rothschild is some alter ego of RCDI or visa versa. It was thus appear that ABS is claiming Mr. Rothschild is a puppet master of litigation that ultimately ended in an attorney fees award against RCDI.

2.5    ABS has failed to allege its claim for personal jurisdiction over Mr. Rothschild – general or specific. "The *fiduciary shield doctrine* protects a nonresident corporate officer or employee from the exercise of jurisdiction when all of his contacts with Texas were made on behalf of his employer." *Tabacinic v. Frazier, 372 S.W.3d 658, 668 (Tex. App.--Dallas 2012, no pet.)*.

2.6    ABS claims Mr. Rothschild drove the litigation bus and that fact alone gives personal jurisdiction over him. This ignores the corporate veil of RCDI, which is an extreme remedy for this court to pursue, and alone does not give personal jurisdiction.

2.7.    Mr. Rothschild asks the District Judge to dismiss him from this case and sustain his 12(b)(2) objection.

### III.

### ROTHSCHILD 12(b)(4) & (5) MOTION

3.1    Mr. Rothschild was not properly served with Document 118. The evidence indicates that ABS' law firm sent a certified return receipt letter containing the summons and its counterclaim joining Mr. Rothschild to his home in Florida. Mr. Rothschild lives in a gated community and

all mail is left with the security guard. At no time did Mr. Rothschild sign for the mail.

Nevertheless, a law firm is not the proper party to initiate Service of Process in this case.

3.2     FRCP 4(e) states that an Mr. Rothschild may only be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) Delivering a copy of the summons and of the complaint to the individual personally;
>> (B) Leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) Delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

3.3     In Texas the initial court filing (service of process or citation) can be done by certified mail BUT ONLY by the Clerk of the Court. <u>NOT THE ATTORNEY FOR THE PARTY</u>.

TRCP 103 states:

> Process—including citation and other notices, writs, orders, and other papers issued by the court—may be served anywhere by (1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court. **<u>Service by registered or certified mail and citation by publication must, if requested, be made by the clerk of the court in which the case is pending.</u>** But no person who is a party to or interested in the outcome of a suit may serve any process in that suite, and, unless otherwise authorized by a written court order, only a sheriff or constable may serve a citation in an action of forcible entry and detainer, a writ that requires the actual taking of possession of a person, property or thing, or process requiring that an enforcement action be physically enforced by the person delivery the process. The order authorizing a person to serve process may be made without written motion and no fee may be imposed for issuance of such order. (Amended June 10, 1980, eff. Jan. 1, 1981; July 15, 1987, eff. Jan. 1, 1988; October 7, 2004, eff. July 1, 2005)

Emphasis added.

3.4.   Federal Procedure does not allow service of the summons by certified mail on an individual.  "[A]ll methods of service specifically described by the Federal Rules of Civil Procedure involve in-hand delivery.  Homer v. Jones-Bey, 415 F.3d 748, 754 (7th Cir. 2005).

3.5.   ABS completely ran afoul of FRCP 4(e).  Its lawyer tried to serve Mr. Rothschild by certified mail - plainly the wrong way in this case. The Affidavit of Leigh Rothschild attached hereto as Exhibit B supports this Motion.  Leigh Rothschild requests an evidentiary hearing before the District Judge (he does not consent to proceed before the Magistrate) at a time and place designated by the court and after necessary discovery if necessary.  Nikwei v. Ross Sch. Of Aviation, Inc., 822 F.2d 939, 941 (10th Cir. 1987).

3.6   Mr. Rothschild asks the District Judge to dismiss him from this case and sustain his 12(b)(4)&(5) objection.

IV.

4.1   Mr. Rothschild's Answer to ABS' Counter-claim is attached and subject to the forgoing Motions.

Mr. Rothschild prays that this matter be dismissed pursuant to the arguments set forth above and any further relief that he may be entitled to.

Respectfully submitted,

Bertini Law Firm

By:/s/ CHRISTOPHER D. BERTINI
_____
Christopher D. Bertini
Texas Bar No. 02256060
2401 ALLEN PARKWAY, SUITE 100
HOUSTON, TX 77019
Tel. (409) 739-0979 (DIRECT)

Main.  (713) 742-ATTY (2889)
Fax. (800)-628-1498
cbertini@bertinilaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

This motion was sent to all counsel on April 9,  2019.


By:/s/ CHRISTOPHER D. BERTINI

Christopher D. Bertini