

EXHIBIT A



AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC,

*Plaintiff(s)*

v.

ADS SECURITY, L.P.

*Defendant(s)*

Civil Action No. 2:15-CV-01431; 2:15-CV-01463

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  LEIGH M. ROTHSCHILD
1574 NE QUAYSIDE TER, UNIT D18
MIAMI, FLORIDA 33138-2212

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Blake D. Roth
Waller Lansden Dortch & Davis, LLP
511 Union Street, Ste. 2700
Nashville, Tennessee 37219
615.244.6380
blake.roth@wallerlaw.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: 3/13/19

CLERK OF COURT

David A. O'Poole

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2:15-CV-01431; 2:15-CV-01463

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>ADS SECURITY, L.P.,<br><br>        Defendant. | Case No. 2:15-CV-01431-JRG-RSP (Lead)<br><br>Case No. 2:15-cv-01463-JRG-RSP (Member) |

## ADS SECURITY, L.P.'S AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO DEFENDANT'S COMPLAINT

Defendant ADS Security, L.P. ("*ADS*"), by and through its undersigned counsel, submits its amended answer, affirmative defenses, and counterclaims to the Complaint filed by Rothschild Connected Devices Innovations, LLC's ("*RCDI*"), to include counterclaims against Leigh M. Rothschild ("*Mr. Rothschild*").

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

1. All claims asserted by RCDI in the Complaint have been dismissed with prejudice, pursuant to the *Order of Dismissal of Defendant ADS Security, LP With Prejudice* (Dkt. No. 83).

### COUNTERCLAIMS

2. ADS asserts the following counterclaims against RCDI and Mr. Rothschild.

### PARTIES

3. ADS is a limited partnership organized and existing under the laws of the State of Pennsylvania and has its principal office in Nashville, Tennessee

4. Upon information and belief, RCDI is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4822-5880-7942.2

13. RCDI has admitted that it has de minimis funds in its bank account(s). (Dkt. No. 108, ¶ 2.)

14. RCDI has admitted its only assets consist of three patents and one patent application currently assigned to RCDI. (Dkt. No. 108, ¶ 3.)

15. RCDI has admitted it does not currently have the ability to pay the fee award to ADS. (Dkt. No. 108, ¶ 4.)

## COUNTERCLAIM I
## (EXCEPTIONAL CASE AWARD AGAINST RCDI)

16. ADS incorporates by reference paragraphs 1 through 15 of these counterclaims as if set forth fully at length in this paragraph.

17. The United States Court of Appeals for the Federal Circuit has ruled this case is exceptional, within the meaning of 35 U.S.C. § 285.

18. The ruling of the United States Court of Appeals for the Federal Circuit is a final, non-appealable order.

19. This Court has ruled that, as of November 8, 2017, ADS is entitled to attorneys' fees and costs in the amount of **$288,911.99**.

20. RCDI has failed to comply with this Court's order directing it to pay to ADS the sum of **$288,911.99**.

21. ADS has incurred and continues to incur additional attorneys' fees and costs in this case, as a result of RCDI's actions and omissions.

22. ADS is entitled to recover the amounts already awarded by this Court plus such other and additional amounts incurred by ADS in this case as a result of RCDI's commencement of this exceptional case.

32.  ADS is entitled to judgment against Mr. Rothschild, pursuant to 35 U.S.C. § 285, in an amount not less than **$288,911.89**, plus all other and additional fees and costs incurred by ADS in seeking to recover its attorneys' fees and costs in this action, plus pre- and post-judgment interest at the maximum rate permitted by law.

WHEREFORE, AFS demands entry of judgment:

A.  on Count I of these counterclaims, in favor of ADS Security, L.P. and against Rothschild Connected Devices Innovations, LLC, pursuant to 35 U.S.C. § 285, in an amount not less than **$288,911.89**, plus all other and additional fees and costs incurred by ADS in seeking to recover its attorneys' fees and costs in this action, plus pre- and post-judgment interest at the maximum rate permitted by law;

B.  on Count II of these counterclaims, in favor of ADS Security, L.P. and against Leigh M. Rothschild, pursuant to 35 U.S.C. § 285, in an amount not less than **$288,911.89**, plus all other and additional fees and costs incurred by ADS in seeking to recover its attorneys' fees and costs in this action, plus pre- and post-judgment interest at the maximum rate permitted by law; and

C.  granting such other and further relief as this Court deems just and proper.

Dated: February 8, 2019

Respectfully submitted,

/s/ Blake D. Roth
Blake D. Roth
**Waller Lansden Dortch & Davis, LLP**
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone:   615.850.8749
Email: blake.roth@wallerlaw.com

*Attorneys for ADS Security, L.P.*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above and foregoing document has been served on February 8, 2019, to all counsel of record who are deemed to have consented to electronic service via the court's CM/ECF system, pursuant to Local Rule CV-5(a)(3).

*/s/ Blake D. Roth*
Blake D. Roth

23.     ADS is entitled to judgment against RCDI, pursuant to 35 U.S.C. § 285, in an amount not less than **$288,911.89**, plus all other and additional fees and costs incurred by ADS in seeking to recover its attorneys' fees and costs in this action, plus pre- and post-judgment interest at the maximum rate permitted by law.

## COUNTERCLAIM II
### (EXCEPTIONAL CASE AWARD AGAINST MR. ROTHSCHILD)

24.     ADS incorporates by reference paragraphs 1 through 27 of these counterclaims as if set forth fully at length in this paragraph.

25.     This case qualifies as an "exceptional case," pursuant to 35 U.S.C. § 285.

26.     ADS is entitled to payment of all fees and expenses incurred as a result of the filing of this case.

27.     At all times relevant to these counterclaims, Mr. Rothschild was the sole member and managing member of RCDI.

28.     At all times relevant to these counterclaims, Mr. Rothschild was responsible for RCDI's conduct in this case, including RCDI's conduct that made this case "exceptional" under 35 U.S.C. § 285.

29.     Stated another way, Mr. Rothschild directed the actions taken by RCDI in this case, which actions caused damages to ADS.

30.     At all times relevant to these counterclaims, Mr. Rothschild has been aware of all facts giving rise to the claims against him and providing the basis for his personal liability.

31.     It is, therefore, equitable to hold Mr. Rothschild jointly and severally liable with RCDI for the award of attorneys' fees and costs entered at docket number 108 in this case plus all other and additional attorneys' fees and costs incurred by ADS in seeking to recover its attorneys' fees and costs.

5.  Upon information and belief, Mr. Rothschild is an adult individual of sound mind who resides in Florida.

6.  Upon information and belief, Mr. Rothschild is the managing member of RCDI and the **sole** member of RCDI.

7.  This Court has jurisdiction over these counterclaims, pursuant to 28 U.S.C. § 1331, 1338(a), and 2201.

8.  RCDI and Mr. Rothschild have submitted to personal jurisdiction in this Court, by directing and participating in this case in this Court.

9.  Venue is proper in this district, pursuant to 28 U.S.C. § 1391 and 1400.

## RELEVANT BACKGROUND TO COUNTERCLAIMS

10. On June 5, 2017, the United States Court of Appeals for the Federal Circuit concluded that this case was an "exceptional case" pursuant to 35 U.S.C. § 285 and ADS was entitled to its attorneys' fees and costs. *See Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs.*, 858 F.3d 1383 (Fed. Cir. 2017); *see also Rothschild Connected Devices Innovations, LLC v. ADS Security, L.P.*, No. 2:15-cv-01431, 2017 U.S. Dist. LEXIS 185342, at *2 (E.D. Tex. Nov. 8, 2017) (stating the only possible conclusion from the Federal Circuit's opinion is that this case is exceptional, leaving calculation of fees as the only matter to be assessed on remand).

11. On remand, this Court entered an order: (a) finding ADS's proposed fees and costs in the amount of $288,911.99 were reasonable; and (b) ordering RCDI to pay ADS's fees and costs no later than thirty days from the date of the order. *ADS Security, L.P.*, 2017 U.S. Dist. LEXIS 185342, at *4–5.

12. RCDI has failed to comply with this Court's order directing it to pay the fees and expenses incurred by ADS in this case.

4822-5880-7942.2

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, | § § § § § § § § § § § | Case No. 2:15-CV-01431-JRG-RSP (LEAD CASE) Case No. 2:15-CV-01463-JRG-RSP (MEMBER CASE) |
| *Plaintiff,* | | |
| v. | | |
| ADS SECURITY, L.P., | | |
| *Defendant.* | | |

## ORDER

Defendant ADS Security, L.P. moves for leave [Dkt. No. 117] to amend its Answer, Affirmative Defenses, and Counterclaims [Dkt. No. 16]. After reviewing the parties' submissions and the relevant legal authorities, the Court **GRANTS** ADS Security's' motion.

## BACKGROUND

Plaintiff Rothschild Connected Devices Innovations, LLC ("RCDI") filed its complaint against ADS Security on August 26, 2015 alleging infringement of U.S. Patent No. 8,788,090 (the "'090 Patent"). [Dkt. No. 1 in Case No. 2:15-cv-1463]. On November 19, 2015, ADS Security filed its Answer, Affirmative Defenses, and Counterclaims [Dkt. No. 16], asserting, *inter alia*, a counterclaim against RCDI for an award of attorneys' fees and costs under 35 U.S.C. § 285.

RCDI then moved to dismiss ADS Security with prejudice. [Dkt. No. 58]. ADS Security responded in opposition to RCDI's motion dismiss and also moved for attorneys' fees under § 285. [Dkt. No. 59]. In responding to ADS Security's motion for attorneys' fees, RCDI attached Leigh M. Rothschild's declaration, whereby Rothschild swore that he was the founder of RCDI and that he personally analyzed the patent claims before filing suit against ADS Security. [Dkt. Nos. 60 and 60-3]. The Court dismissed ADS Security with prejudice, dismissed ADS Security's

1

amendments, a party "'must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend.'" *Fahim*, 551 F.3d at 348 (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)). In determining whether a party seeking leave to amend has good cause for not meeting deadline set by the scheduling order, the court considers four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Sw. Bell Tel.*, 346 F.3d at 546.

Here, ADS Security seeks leave to amend its counterclaims to add Rothschild as a counterclaim-defendant, arguing that Rothschild "was at all times the individual directing RCDI's actions in commencing and prosecuting this case." [Dkt. No. 117]. ADS Security contends that Rothschild is the only member of RCDI and is the inventor of the '090 Patent, and that Rothschild created RCDI to serve as a shell company for filing and prosecuting patent claims. *Id.* Apparently, RCDI's assets are limited to three patents, one patent application, and a deposit account containing five dollars, with a possibility of royalties stemming from a patent infringement case in the Northern District of Georgia. [Dkt. No. 108]. RCDI opposes the amended counterclaim on the grounds that it resulted from undue delay, will increase expenses, and prejudices RCDI. [Dkt. No. 119]. RCDI argues that ADS Security never sought to add Rothschild throughout the course of the litigation until the January 2019 hearing before the Court. *Id.* The Court does not find the motion untimely.

The Court has considered the Fifth Circuit's factors in determining if good cause exists to allow ADS Security to amend its counterclaims. The first factor weighs heavily in favor of ADS

Security, as ADS Security previously asked the Court to grant its attorneys' fees award jointly and severally against RCDI and Rothschild. [Dkt. No. 100]. That request was denied at that time. ADS Security raised the issue again only after RCDI failed to pay the § 285 attorneys' fees award. The second factor weighs in favor of ADS Security because the amendment would allow ADS Security to pursue its attorneys' fees award from Rothschild, as RCDI admits that it "does not have the ability to the fee award to ADS [Security]". [Dkt. No. 108]. The third and fourth factors weigh in favor of ADS Security because RCDI would not suffer prejudice –the amended counterclaim does assert any new claims against RCDI that have not already been resolved by this Court.

## CONCLUSION

If there is truly any delay on the part of ADS Security in amending its counterclaims, it only resulted from good cause. The Court therefore **GRANTS** ADS Security's motion for leave [Dkt. No. 117] to amend its Answer, Affirmative Defenses, and Counterclaims. ADS Security's Amended Answer, Affirmative Defenses, and Counterclaims [Dkt. No. 118] is deemed filed as of February 8, 2019.

**SIGNED this 11th day of March, 2019.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

counterclaims without prejudice, and denied ADS Security's motion for attorneys' fees under § 285. [Dkt. Nos. 83 and 89].

ADS Security then appealed the denial of its § 285 attorneys' fees counterclaim. [Dkt. No. 90]. The Federal Circuit reversed the denial and the matter was remanded to this Court. Thereafter, ADS Security asked the Court to grant its attorneys' fees award jointly and severally against RCDI and its sole member, Rothschild. [Dkt. No. 100]. The Court ordered RCDI to pay $288,911.99 in attorneys' fees and costs to ADS Security by December 8, 2017, but declined to hold Rothschild jointly and severally liable for the attorneys' fees award. [Dkt. No. 104]. Apparently, RCDI never paid the attorneys' fees award.

Thereafter, ADS Security moved for an order to show cause as to why RCDI failed to pay the attorneys' fees award and why Rothschild should not be held jointly and severally liable with RCDI. [Dkt. No. 107]. The Court held a hearing on the matter on January 16, 2019. Now, ADS Security moves to amend its counterclaims to add Rothschild as a counterclaim-defendant. [Dkt. No. 117].

## DISCUSSION

Federal Rule of Civil Procedure 15 provides that beyond the time for amendment as of right, a party may amend its pleadings only with the opposing party's written consent or the court's leave, and that leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fifth Circuit has held that Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order's deadline to amend has expired. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) (citing *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). Rule 16 provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, for post-deadline