IN THE UNITED STAES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC | § § § § | |
| V. | § § | C.A. NO. 2:15-CV-01431-JRG-RSP JURY |
| ADS SECURITY L.P. | § § § | |

## LEIGH ROTHSCHILD'S RESPONSE TO ADS OBJECTION (DOCUMENT 133)

### I.

### INTRODUCTION

1.1.  LEIGH ROTHSCHILD (ROTHSCHILD) Response to ADS Security, L.P.'s Limited Objection to Report and Recommendation. (Document 133).  ADS is wrong.  It did not serve Rothschild properly under Texas or Florida law and ADS' Objection should be over-ruled.

### II.

### ADS FAILED TEXAS LAW

2.1    When certified mail has been selected as the method of service, Texas Law requires that the return receipt be signed by the addressee [Leigh Rothschild].  Tex. R. Civ. P. 107(c), *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App. – San Antonio 2001, pet. denied).  The Declaration of Service by Certified Mail (Document 128) filed by ADS in this matter, states that it was "[d]elivered on April 20, 2019 at 2:37 PM.  Left with an Individual, Miami, FL 33138".  *Id*.  Nothing in the record indicates who this individual was or if he or she was even authorized to receive service for Mr. Rothschild.

2.2     Since ADS attempted to serve process via certified mail under Texas law, as allowed by Federal Rule 4(e)(1), it was bound to comply with all of the requirements of Texas law. *Isais v. Marmion Indus. Corp.*, No. H-09- 3197, 2010 WL 723773, at *3 (S.D. Tex. Feb. 24, 2010) ("Plaintiff attempted to serve the defendants by certified mail. Such service is only valid if it complies with Texas law."). As outlined above, it did not. The return receipt (Document 128) fails to indicate that Mr. Rothschild personally signed for it as required by Texas Rule 107.

2.3     Federal Law does not directly authorize service through mail, F.R.C.P. 4(e)(1) does allow service of process according law of the forum state.  Here Texas.  Texas law strictly requires that the Return of Service specifically show that it was signed by the party who was served[1]

---

[1] Cases that found defective mail service are many.  Lee Hoffpauir, Inc. v. Kretz, 431 S.W.3d 776 (Tex. App. – Austin 2014, n.p.h.) (signature of office manager, instead of registered agent); Reliant Capital Solutions, LLC v. Chuma-Okorafor, No. 03-11-00422- CV (Tex. App. - - Austin, August 14, 2013, n.p.h.)(2013 Tex. App. Lexis 10115)(mem. op.) (no signature, CT Corporation Sys.); United Servs. Auto. Ass'n v. McGuire, No-09-10-00256-CV (Tex. App. - - Beaumont, June 16, 2011, no pet.) (2011 Tex. App. Lexis 4511)(mem. op.)(no showing that person who signed green card was authorized to accept for defendant); Santex Builders, LLC v. Guefen Constr., LLC, No. 14-08-00840-CV (Tex. App. - - Houston [14th Dist.], December 15, 2009, no pet.)(2009 Tex. App. Lexis 9463)(mem. op.) (same); PPI Tech. Servs., LP v. Christian Operating Co., No. 09-09-00022- CV (Tex. App. - - Beaumont, July 9, 2009, no pet.) (2009 Tex. App. Lexis 5852)(mem. op.) (same); Mena v. Lenz, No. 13-08-00137-CV (Tex. App. - - Corpus Christi, March 5, 2009, no pet.) (2009 Tex. App. Lexis 1585)(mem. op.) (same); Houston Precast, Inc. v. McAllen Constr., Inc., No. 13-07-135-CV (Tex. App. - - Corpus Christi, September 25, 2008, no pet.) (2008 Tex. App. Lexis 7129)(mem. op.) (same); Lynd Co. v. Chapman, No. 04-06- 00439-CV (Tex. App. - - San Antonio March 14, 2007, no pet.)(2007 Tex. App. Lexis 1951)(mem. op.) (same); Boyd v. Kobierowski, No. 04-06- 00411-CV (Tex. App. - - San Antonio February 7, 2007, no pet.) (2007 Tex. App. Lexis 873)(mem. op.) (same); Southwestern Sec. Servs. v. Gamboa, 172 S.W.3d 90 (Tex. App. - - El Paso 2005, no pet.) (same); Gibson v. Zo-Vac, Inc., No. 04-03- 00884-CV (Tex. App. - - San Antonio, January 19, 2005, no pet.)(2005 Tex. App. Lexis 362)(mem. op.) (same); Vasquez v. Vasquez, No. 13-03-00299-CV (Tex. App. - - Corpus Christi, July 22, 2004, no pet.) (2004 Tex. App. Lexis 6618)(mem. op.) (same); Johnson v. Johnson, No. 09-03-00537-CV (Tex. App. - - Beaumont, November 18, 2004, no pet.) (2004 Tex. App. Lexis 10343) (mem. op.) (signature on return receipt illegible); Bradley Wells Corp. v. Higginbotham, No. 12-04-00114-CV (Tex. App. - - Tyler, October 29, 2004, no pet.) (2004 Tex. App. Lexis 9667)(mem. op.) (mail directed to entity officer signed by another); Laredo Metro, Inc. v. Martinez, No. 04-03-00423-CV (Tex. App. - - San Antonio, September 22, 2004, no pet.) (2004 Tex. App. Lexis 8423) (mem. op.) (service on entity insufficient because person signing green card not shown to be defendant corporation's president, vice-president, or registered agent). the signature on the return receipt must be that of defendant or its authorized agent for service; Ramirez v. Consol. HGM Corp.,124 S.W.3d 914 (Tex. App. - - Amarillo 2004, no pet.);

## III.

## ADS FAILED FLORIDA LAW

3.1   The Report and Recommendation correctly points out:

> Service by certified mail is generally insufficient under Florida law. *See* Fla. R. Civ. P. 1.070; *Atizol v. Am. Exp. Travel Related Servs. Co.*, No. 08-60262-CIV, 2008 WL 5070275, at *2 (S.D. Fla. Nov. 25, 2008). While Rule 1.070(i) of the Florida Rules of Civil Procedure does provide that a defendant "may" accept service of the complaint by mail, it is effective only if the defendant consents and waives personal service.[2]
>
> Here, there is no indication that ADS Security asked Rothschild, or that Rothschild agreed, to waive personal service and accept the complaint by mail under Fla. R. Civ. P. 1.070(i)(2). "Florida courts have held that service by certified mail, without an accompanying waiver is not sufficient." *Dyer v. Wal–Mart Stores, Inc.*, 318 Fed. App'x 843, 844 (11th Cir.2009) (citations omitted). Absent a waiver by the Rothschild, personal service was required. *Id.* ADS Security did not file a waiver of service with the Court. Therefore, because ADS Security's attempt at service did not comply with Florida law, ADS Security's attempt at service was improper.

*Id.* at p. 14.

---

All Commer. Floors v. Barton & Rasor, 97 S.W.3d 723, 727 (Tex. App. - - Fort Worth 2003, no pet.); Keeton v. Carrasco, 53 S.W.3d 13, 19 (Tex. App. - San Antonio 2001, pet. denied).

Other cases holding that signature on the return receipt must be that of named party or its authorized agent for service include Union Pac. Corp. v. Legg, 49 S.W.3d 72,79(Tex. App. - - Austin 2001, no pet.)(stamped name of CT Corporation on return receipt was insufficient); Integra Bank v. Miller, No. 05-95-01477-CV (Tex. App. –Dallas, Dec. 16, 1996, no writ)(unpublished 1996 Tex. App. Lexis 5654); American Universal Ins. Co. v. D.B. & B. Inc., 725 S.W.2d 764 (Tex. App.--Corpus Christi 1987, writ ref'd n.r.e.); Pharmakinetics Laboratories Inc. v. Katz, 717 S.W.2d 704, 706 (Tex. App.--San Antonio 1986, no writ); American Bankers Ins. Co. of Fla. v. State, 749 S.W.2d 195, 197 (Tex. App.--Houston [14th Dist.] 1988, no writ). See also United States v. Charter Bank Northwest, 694 S.W.2d 16, 18 (Tex. App.--Corpus Christi 1985, no writ).

3.2   ADS does not question this finding thus it agrees service under Florida law was defective.

## PRAYER

Mr. Rothschild prays that ADS' Objection be over-ruled and any further relief that he may be entitled to.

Respectfully submitted,

Bertini Law Firm

By:/s/ CHRISTOPHER D. BERTINI

Christopher D. Bertini
Texas Bar No. 02256060
2401 ALLEN PARKWAY, SUITE 100
HOUSTON, TX 77019
Tel. (409) 739-0979 (DIRECT)
Main.  (713) 742-ATTY (2889)
Fax. (800)-628-1498
cbertini@bertinilaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

This motion was sent to all counsel on August 25, 2019 by efile.

By:/s/ CHRISTOPHER D. BERTINI

Christopher D. Bertini