IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, | § § § § § § § § § § § § | Case No. 2:15-cv-01431-JRG-RSP <br><br> (LEAD CASE) <br><br> Case No. 2:15-cv-01463-JRG-RSP <br><br> (MEMBER CASE) |
| *Plaintiff*, | | |
| v. | | |
| ADS SECURITY, L.P., | | |
| *Defendant*. | | |

## ORDER

This civil action was referred to United States Magistrate Judge Roy S. Payne pursuant to 28 U.S.C. § 636. Now before the Court is the Report & Recommendation (Dkt. No. 131) by the Magistrate Judge, which recommends that Counter-Defendant Leigh M. Rothschild's motion to dismiss (Dkt. No. 125) be denied with respect to personal jurisdiction but granted with respect to insufficient service of process unless evidence of proper service was filed within 30 days from the date of the August 13, 2019 Report. Defendant ADS Security, L.P. ("ADS Security") objects solely to the Report's conclusion regarding its attempted service of process. (Dkt. No. 134).

In the Report, Magistrate Judge Payne found that ADS Security's attempt at service of process did not comport with either Texas or Florida law under Federal Rule of Civil Procedure 4(e)(1). As the Magistrate Judge observed, the Texas Rules of Civil Procedure authorize service, by a person authorized under Texas Rule 103, via certified or registered mail. Tex. R. Civ. P. 106(a)(2). Persons authorized to serve process under Texas Rule 103 include (1) any sheriff or constable or other person authorized by law; (2) any person authorized by law or by written order of the court who is not less than eighteen years of age; (3) any person certified under order of the Supreme Court; or (4) the clerk of court, if requested. Tex. R. Civ. P. 103. Service by registered

or certified mail and citation by publication must, if requested, be made by the clerk of the court in which the case is pending. *Id.* Under Florida law, service by certified mail is generally insufficient. *See* Fla. R. Civ. P. 1.070; *Atizol v. Am. Exp. Travel Related Servs. Co.*, No. 08-60262-CIV, 2008 WL 5070275, at *2 (S.D. Fla. Nov. 25, 2008). While Rule 1.070(i) of the Florida Rules of Civil Procedure does provide that a defendant "may" accept service of the complaint by mail, it is effective only if the defendant consents and waives personal service.

Magistrate Judge Payne found that ADS Security's service of process did not satisfy Texas law because:

> ADS Security attempted to serve Rothschild by having its counsel mail process by certified mail, rather than requesting that service by certified by mail be made by the Clerk of Court. (Dkt. Nos. 124 and 128). While ADS Security points out that it obtained service on Rothschild via non-party Nathan Dowd, (*see* Dkt. No. 128), Dowd is not authorized to effect service by certified mail under Texas law.

(Dkt. No. 131 at 13). As to service of process under Florida law, Magistrate Judge Payne found that there was no indication that ADS Security asked Rothschild, or that Rothschild agreed, to waive personal service and accept the complaint by mail under the Florida Rules of Civil Procedure. (*Id.* at 14).

ADS Security objects to Magistrate Judge Payne's findings under Texas law, arguing that Nathan Dowd is authorized to serve process under Texas Rule 103 via certified mail because he is authorized by the Texas Supreme Court Judicial Certification Commission to deliver citations and other notices. (Dkt. No. 134 at 3). Rothschild responds that even if Nathan Dowd is authorized to serve process via certified mail, Texas law still requires that the return receipt be signed by Rothschild as the addressee. (Dkt. No. 135 at 1) (citing Tex. R. Civ. P. 107). Rothschild contends that Rothschild did not sign the return receipt. ADS Security has not presented evidence to the contrary.

Therefore, the conclusion of the Report remains sound: ADS Security failed to comply with Texas law in attempting to serve process on Rothschild. ADS Security makes no objection to the conclusion that it failed to follow Florida law. More than 30 days has now passed since the Report, and ADS Security has not filed evidence that is has properly served Leigh M. Rothschild.

Having reviewed Magistrate Judge Payne's report, the parties' briefing, ADS Security's objection, and Rothschild's response to ADS Security's objection, the Court concludes that the Magistrate Judge's Report & Recommendation (Dkt. No. 131) is correct and is hereby **ADOPTED**. Accordingly, Rothschild's motion to dismiss (Dkt. No. 125) is **DENIED** with respect to personal jurisdiction and **GRANTED** respect to service of process. Accordingly,

IT IS HEREBY ORDERED that all claims against Leigh M. Rothschild are DISMISSED.

**So Ordered this**
**Sep 16, 2019**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE