IN THE UNITED STAES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC | § § § § | |
| V. | § § | C.A. NO. 2:15-CV-01431-JRG-RSP JURY |
| ADS SECURITY L.P. | § § § | |

**LEIGH ROTHSCHILD'S RESPONSE TO ADS MOTION TO RECONSIDER**

**I.**

**INTRODUCTION**

1.1.   LEIGH ROTHSCHILD (ROTHSCHILD) Responds to ADS Security, L.P.'s MOTION TO RECONSIDER. (Document 137).   ADS is wrong.   It did not serve Rothschild properly under Texas or Florida law, Rothschild did not waive his complaint about service; and enough is enough.

**II.**

**STANDARD FOR A MOTION TO RECONSIDER**

2.1   ADS' Motion to Reconsider is governed by F.R.C.P. 59(e).   A Motion filed within 28 days of judgment, as here, is treated as a motion to alter or amend under Rule 59(e).[1]  See Edward H.

---

[1]   There is no "motion for 'reconsideration'" in the Federal Rules of Civil Procedure.  Bass v. United States Dep't of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000). Rather, if filed within twenty- eight days of the district court's judgment, such a motion is construed as filed pursuant to Rule 59(e). See Id. Motions that are not timely under Rule 59 must be treated as motions filed under Rule 60(b). See Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n.10 (5th Cir. 1998).

1

Bohlin Co. v. Banning Co., 6 F.3d 350, 353 (5th Cir. 1993) (citing Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir. 1990), and Harcon Barge Co. v. D&G Boat Rentals, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc)).  A Rule 59(e) motion may be granted if the moving party demonstrates any of the following: (1) the judgment was based upon a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) there is an intervening change in controlling law. See 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995).

2.2     While this court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure. Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam); McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice." Ciralsky v. Cent. Intelligence Agency, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting Firestone, 76 F.3d at 1208). Moreover, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," New York v. United States, 880 F. Supp. 37, 38 (D.D.C. 1995), or a vehicle for presenting theories or arguments that could have been advanced earlier. Kattan v. District of Columbia, 995 F.2d 274, 276 (D.C. Cir. 1993); W.C. & A.N. Miller Cos. v. United States, 173 F.R.D. 1, 3 (D.D.C. 1997).

2.3     Relief under FRCP 59(e) generally is limited to substantive alterations or amendments of a judgment due to judicial error, rather than mere corrections of clerical errors or mistakes Schwartz v. Liberty Mut. Ins. Co., 539 F.3d 135, 153 (2d Cir. 2008). The district court's power to alter or amend a judgment includes the power to vacate or set aside the judgment, so long as the moving party demonstrates that the judgment rests on a substantive error or mistake Ortiz v. Gaston Cty. Dyeing Mach. Co., 277 F.3d 594, 597 n.1 (1st Cir. 2002). Modification of a judgment is an extraordinary remedy. Courts usually grant these motions only in exceptional circumstances, typically when the judgment fails to account for dispositive factual matters or controlling decisions of law. Allstate Ins. Co.v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011); McDowell v. Calderon, 197 F.3d 1253, 1255 & n.1 (9th Cir. 1999) (*en banc*) (*per curiam*).

2.4     To prevail on an FRCP 59(e) motion, the moving party must detail why the court should reconsider its earlier decision by:

- Establishing a clear error of fact or law of a strongly convincing nature.
- Pointing to controlling decisions, evidence, or data that the court overlooked or that became available only after entry of judgment.

Roger Miller Music, Inc. v. Sony/ATW Publ'g, LLC, 477 F.3d 383, 395 (6th Cir. 2007); Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 684 (M.D. Fla. 1996).

2.5     A party seeking to alter or amend a judgment based on a clear error of law or fact must demonstrate that the final judgment is "dead wrong," in that the court overlooked controlling

3

decisions, evidence, or data that required a different outcome <u>Lardner v. FBI,</u> 875 F. Supp. 2d 49, 53 (D.D.C. 2012). In other words, the judgment must be "more than just maybe or probably wrong" <u>Parts & Elec. Motors, Inc. v. Sterling Elec., Inc</u>., 866 F.2d 228, 233 (7th Cir. 1988)). Mere disagreement with the court's ruling is not enough.

2.6    Manifest injustice is an exceptionally narrow concept that typically arises only from rulings that upset settled expectations on which a party reasonably relied. The moving party must identify a result that is fundamentally unfair in light of the governing law. <u>Slate v. Am. Broad. Cos</u>., 12 F. Supp. 3d 30, 35-36 (D.D.C. 2013); see also <u>Qwest Servs. Corp. v. FCC</u>, 509 F.3d 531, 540 (D.C. Cir. 2007). Manifest injustice does not exist where merely:

- A party could have easily avoided the outcome, but instead chose not to act until after a final order was entered. <u>Ciralsky v. CIA</u>, 355 F.3d 661, 665 (D.C. Cir. 2004).
- A party suffers clear and certain prejudice. <u>Slate</u>, 12 F. Supp. 3d at 35-36.
- A harm goes unremedied. <u>Slate</u>, 12 F. Supp. 3d at 35 citing <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenter</u>s, 459 U.S. 519, 536 (1983).

III.

**ADS FAILED TEXAS LAW**

3.1    This Court is well familiar with the *Bleak House* nature of this litigation. This court ruled:

> ADS Security objects to Magistrate Judge Payne's findings under Texas law, arguing that Nathan Dowd is authorized to serve process under Texas Rule 103 via certified mail because he is authorized by the Texas Supreme Court Judicial Certification Commission to deliver citations and other notices. (Dkt. No. 134 at 3). Rothschild responds that even if Nathan Dowd is authorized to serve process via certified mail, Texas law still requires that the return receipt be signed by

4

Rothschild as the addressee. (Dkt. No. 135 at 1) (citing Tex. R. Civ. P. 107). Rothschild contends that Rothschild did not sign the return receipt. ADS Security has not presented evidence to the contrary.

Therefore, the conclusion of the Report remains sound: ADS Security failed to comply with Texas law in attempting to serve process on Rothschild. ADS Security makes no objection to the conclusion that it failed to follow Florida law. More than 30 days has now passed since the Report, and ADS Security has not filed evidence that is has properly served Leigh M. Rothschild.

*Order, Document No. 136, pp. 2 – 3.*

## IV.

## ROTHSCHILD HAS WAIVED NOTHING

4.1    ROTHSCHILD filed his answer **subject to** the 12(b) motion he filed.    (Document No. 127).  His answer was filed **after** his 12(b) motions.  (Document No. 125).  The Federal Rules of Civil Procedure have long held that nothing is waive so long as the 12(b) motions were filed as done in this case.   F.R.C.P. 12(b)[2].   The last-minute suggestion otherwise has no merit.

## V.

## ENOUGH

---

[2]    F.R.C.P. 12 (b) states in part:

A motion asserting any of these defenses must be made **before** pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. **No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.**

5.1	ADS goes to great length to cast Mr. Rothschild in the most negative light. Rather than stooping to that level, he would like to point out the facts. ADS failed to properly serve him, despite Magistrate Judge Payne telling it to do so! Rather than serve him properly the first time, then the second time when the Magistrate Judge gave them 30 days, ADS did nothing.

5.2	ADS has introduced no new evidence to support its Motion. Rather it rehashes the same argument it made to the Magistrate Judge and this Court. It should have properly served Mr. Rothschild as it was told to do. Instead it sought ruling on its meritless objection.

5.3	Likewise there is no merit to a claim of manifest injustice. Theoretically, ADS could assert a case in Florida state court against Mr. Rothschild, subject to any defenses he might have. Nevertheless, Mr. Rothschild, like all parties in Federal court, has a due process right to be served properly under the Rules. Something that ADS ignores and both Magistrate Judge Payne and this Court conclusively found in Mr. Rothschild's favor.

## PRAYER

Mr. Rothschild prays that ADS' Motion for Reconsideration be DENIED and any further relief that he may be entitled to.

Respectfully submitted,

Bertini Law Firm

By:/s/ CHRISTOPHER D. BERTINI
_____
Christopher D. Bertini

6

Texas Bar No. 02256060
2401 ALLEN PARKWAY, SUITE 100
HOUSTON, TX 77019
Tel. (409) 739-0979 (DIRECT)
Main.  (713) 742-ATTY (2889)
Fax. (800)-628-1498
cbertini@bertinilaw.com
Attorney for Leigh Rothschild

## CERTIFICATE OF SERVICE

This motion was sent to all counsel on October 14, 2019 by efile.

By:/s/ CHRISTOPHER D. BERTINI

Christopher D. Bertini